# Union Trust Company of Pittsburg, Appellant, *v.* Cain (No. 1).

*Mortgage—Assignment—Fraud—Principal and agent—Estoppel.*

Where an attorney in fact fraudulently assigns a mortgage of his principal to pay a debt of his own, and the principal subsequently files a bill in equity against the assignee of the mortgage for a reassignment of the mortgage to, herself, but without praying for an accounting of the interest received by

the assignee, and without joining the terre-tenant in the bill, and a decree is entered for a reassignment without any reference to the interest paid to the assignee, the principal is estopped from recovering such interest in a direct proceeding by a scire facias sur mortgage against the terre-tenant.

*Estoppel—Evidence—Province of court and jury.*

Ordinarily, where there is no dispute about the facts, it is a question of law whether or not the facts proved constitute an estoppel; otherwise questions of estoppel are peculiarly for the determination of the jury.

Argued April 26, 1905.   Appeal, No. 231, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., April T., 1902, No. 612, on verdict for defendant non obstante veredicto in case of the Union Trust Company of Pittsburg, administrator of Johanna Montgomery, deceased, v. William H. Cain and Mary Eliza Cain, his wife, with notice to James D. Hailman and W. A. Dickey, terre-tenants.   Before RICE, P. J., BEAVER, ORLADY, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Scire facias sur mortgage.

Rule for judgment for defendant non obstante veredicto.

RODGERS, J., filed the following opinion :

Johanna Montgomery was formerly the owner of the mortgaged premises described in the scire facias.   On June 6, 1892, she executed and delivered to John McCrickart a power of attorney which is recorded in the recorder's office of Allegheny county in power of attorney book, vol. 26, page 506, wherein said McCrickart is authorized to sell her lands and mortgages and to collect interest on the same ; that in pursuance of said power of attorney said McCrickart on November 28, 1892, conveyed the mortgaged premises to Mary E. Cain, and received as part of the purchase money a bond and mortgage ; that said Mary E. Cain, on March 1, 1893, conveyed said premises to the terre-tenants joined as defendants with Cain herein, and on March 3, 1894, said McCrickart as agent aforesaid sold and delivered said bond and mortgage to the trustees of Pittsburg Lodge, No. 336, I. O. O. F.   McCrickart had in his possession the bond and mortgage above referred to from November 28, 1892, to March 3, 1894, during which period Mary E. Cain paid in cash to McCrickart as agent the interest on said mort-

gage, and said lodge had said bond and mortgage in its pos-
session from March 3, 1894, to January 28, 1902, and until
May 28, 1901, interest was paid upon said mortgage according
to its terms and conditions.

On September 18, 1901, the terre-tenants joined as defendants
herein received notice that the plaintiff was the owner of said
bond and mortgage. Whereupon, James D. Hailman, one of
the terre-tenants, paid in cash to plaintiff the interest men-
tioned in said mortgage from May 28, 1901, to January 28, 1902,
and $700, being the full amount of the principal due thereon.

As early as June, 1894, Johanna Montgomery knew that
McCrickart, as her agent, had sold and delivered said bond
and mortgage to said lodge. On July 23, 1894, she revoked
the power of attorney above mentioned and at the same time
prosecuted McCrickart for embezzling her funds, and on Octo-
ber 15, 1894, she instituted a suit in equity to compel said lodge
to reconvey her said bond and mortgage and the interest paid
to it thereon, yet neither said Johanna Montgomery nor her
administrator ever notified these terre-tenants that she claimed
to be entitled to the possession of said bond and mortgage or
any interest therein, nor did either of the terre-tenants ever
receive any notice or intimation of any nature from any one of
her said claim until the notice of September 18, 1901. The
defense was substantially one of ratification of the acts of her
attorney in fact and estoppel, the question being as to whether
the facts as above set forth constituted such laches as to pre-
vent a recovery, and upon this question the court directed a
verdict, reserving the question of law as to whether there was
any evidence entitling the plaintiff to recover. It is contended
by the defendants that the power of attorney given by Johanna
Montgomery to J. E. McCrickart, dated June 26, 1892, author-
ized the assignment of the mortgage sued upon at least so far as
these defendants are concerned. The decision of the court in
the equity suit against the lodge is clearly right, on the ground
that the assignment of the mortgages to the trustee of the lodge
was without consideration and fraudulent. The facts in that
case establish beyond a doubt that the assignment was for no
other purpose than to secure McCrickart's personal indebted-
ness to the lodge, of which he was a financial man and one of
the trustees, and knowledge of fraud would be imputed to the

others according to the well-settled doctrine that knowledge of an officer of a corporation in a particular transaction is knowledge of the principal. The trial judge held that the power of attorney only authorized the sale of mortgages of which " she was now seized or possessed." If we assume, in interpreting the power of attorney, that its terms were insufficient to permit McCrickart to assign the mortgages, and that in the sales of her realty he could receive only cash, then admittedly plaintiff's testator in July, 1894, knew of the assignment of this mortgage to the lodge, and she was called upon at that time under the law to make an election. 1. She could have rescinded the sale wherein this mortgage was given in part payment of the purchase money, on the ground that the agent had exceeded his authority in selling for anything but cash. 2. She could have made these defendants parties to the record. 3. She could have given notice to them of her claim of ownership. 4. She could have looked solely to the lodge for payment received by them and a reassignment of the mortgages.

The last mentioned course plaintiff elected to pursue, praying that the lodge be compelled to reassign the mortgages and pay the money received, and a decree filed directing the reassignment of this mortgage to bear interest from May 28, 1900, and of the payment to her of moneys received by the lodge. Now, disregarding that election she seeks to recover this same interest paid the lodge and which the lodge was directed to pay her, and while the decree fixed interest to be paid from May 28, 1900, by the lodge, in this action plaintiff seeks to recover interest from November 28, 1892. It would seem to us that the plaintiff is clearly estopped from maintaining this action, as she undoubedly ratified the act of her agent after she acquired full knowledge of the matter in July, 1894. She prosecuted him for embezzlement, revoked the power of attorney of record, attempted to make a settlement with him as she testified in the equity proceedings hereinbefore referred to, the same being admitted in evidence in this case by filing said bill in equity, claiming money paid the lodge and not notifying the mortgagor of her claim by her silence in standing by and permitting payments to be made according to the terms of the mortgage for a long period after she had knowledge thereof, and although

she complained to Cain's agent of the acts of her agent and
stated that she would prosecute him for embezzlement she did
not repudiate the acts of her agent to Cain's agent who was at
that time paying interest on this mortgage to the lodge. She
received a number of mortgages from the sale of this particular
tract of land, some of which were satisfied in 1893. These as-
signments were never repudiated and attorneys, investigating
the titles subsequently, and observing upon the record that
most of these mortgages were satisfied and one in particular
assigned by her, it seems to us, were justified in assuming that
she ratified her agent's acts. On July 26, 1894, J. E. Mc-
Crickart, plaintiff's agent, wrote to J. D. Hailman, one of the
defendants, who then owned the property covered by this
mortgage and the three other several mortgages sued upon at
Nos. 613, 614 and 615, April Term, 1902, which were tried
with the case now being considered, and directed said Hail-
man to pay interest on three mortgages to the lodge and on the
fourth mortgage to Mrs. Montgomery. This Hailman did not
until said mortgage was, after nearly ten years, assigned of
record by Mrs. Montgomery. No notice was ever given to the
terre-tenants or the mortgagor by Mrs. Montgomery repudiat-
ing the act of her agent in the taking of such mortgage or the
disposition thereof.

In addition to the above reasons her tardy action in pursuing
redress, the bill in equity being filed October 5, 1894, and not
being brought to trial until October 31, 1900, would tend to
estop her, as well as the fact that she issued execution and at-
tachment on the decree of court of equity proceedings above
recited.

Plaintiff, having appointed her agent, McCrickart, to sell
real estate must ratify all his acts in this transaction or none.
Having elected to ratify his authority to receive mortgages, in-
terest or cash, she must ratify all that he did in the transaction.
She cannot hold the fruits of this transaction and repudiate the
fraud of her agent, as far as innocent third parties are concerned.
As she had the right to disaffirm the acts of her agent she must
do it promptly, and if it is not done within a reasonable time
ratification will be presumed. Judgment is therefore entered
in favor of defendants and against plaintiff, non obstante vere-
dicto, the same order being made as to the cases tried here-

194   UNION TRUST CO., Appellant, *v.* CAIN (NO. 1).

Opinion of Court below—Opinion of the Court. [29 Pa. Superior Ct.
with between the same parties as Nos. 613, 614 and 615 April
Term, 1902.

*Error assigned* was the judgment of the court.

*William M. Hall, Jr.,* with him *H. J. Miller* and *Watson B.
Adair,* for appellant.

*Jesse T. Lazear,* with him *Thomas C. Lazear* and *Charles P.
Orr,* for appellee.

Opinion by Beaver, J., October 9, 1905:

The appellant endeavored to recover from the terre-tenants
in this case the arrearages of interest upon a mortgage given
by Cain and wife to Johanna Montgomery, the decedent, for
purchase money of a lot sold by McCrickart, the attorney in
fact of Mrs. Montgomery. The mortgage taken for the pur-
chase money was assigned by McCrickart to Pittsburg Lodge
337, I. O. O. F. McCrickart acted as attorney in fact for Mrs.
Montgomery, under a special power of attorney, authorizing
him to sell and convey the property in question. His power
to sell and to take a mortgage for the unpaid purchase money
is not denied. Mrs. Montgomery went abroad soon after exe-
cuting the power of attorney to McCrickart who, during her
absence, assigned the mortgage in question, among others, to
the lodge of Odd Fellows, to which McCrickart was indebted
and of which he was a trustee. In 1894, upon the return of
Mrs. Montgomery from Europe, a statement was furnished her
by her attorney in fact, McCrickart, in and by which he ac-
knowledged himself to be indebted to her the amount of this
mortgage among others. She revoked his power of attorney
July 23, 1894, and later made information against him for em-
bezzlement, upon which he was indicted at September sessions
1894.

Later Mrs. Montgomery filed a bill in equity against the
lodge of Odd Fellows aforementioned, reciting the facts, and
among them especially the assignment of this mortgage, among
others, to it, alleging that the assignment was void, and pray-
ing: " First. That the defendant be ordered and decreed by
the court to reassign said mortgages to me. Second. That the

defendants account for and pay over to me any and all money received by them from the sale of said mortgages and for any interest received thereon."

The result of the hearing of the bill in equity was the following decree :

" And now, December 19, 1900, this cause having been heard upon bill, answer and testimony of both plaintiff and defendants, after full argument of counsel for both parties, and it appearing that the plaintiff is dead, and that her administrator, the Union Trust Company, of Pittsburg, has been substituted as plaintiff, it is ordered, adjudged and decreed that the defendant, the Pittsburg Lodge, No. 336, independent order of Odd Fellows, by its proper officers shall and do assign, transfer and set over by a sufficient paper or writing of assignment unto the said Union Trust Company, of Pittsburg, administrator of Johanna Montgomery, deceased, that certain bond and mortgage dated November 28, 1892, given by William H. Cain and wife unto Johanna Montgomery, to secure the sum of seven hundred ($700.00) dollars, which mortgage is recorded in the recorder's office of Allegheny county, in mortgage book 640, page 131, and that mortgage so assigned shall bear interest from the 28th of May 1900, being last interest payment period previous to the hearing in this case, and that said lodge, defendant, shall and do pay forthwith unto said Union Trust Company, of Pittsburg, administrator, the sum of three thousand, four hundred and seventy-one and sixty-seven one-hundredths ($3,471.67) dollars, with interest from December 3, 1900, this being the moneys received by said lodge of the principal and interest on the mortgages numbers one, three, four and five, described in the bill, and also the interest received on mortgage number two up to May 28, 1900, and the costs incurred in this case."

The grounds upon which this decree rests, as recognized in the review of the case in Union Trust Co. v. Means, 201 Pa. 374, are that the attorney in fact, who made the assignment to the lodge, was also the trustee of the latter and necessarily had knowledge of the fact that the assignment was made to pay the personal debt of the attorney to the lodge.   It is to be remarked here, however, that the terre-tenant is not to be charged with knowledge of this transaction.   He was justified in as-

suming that an assignment of the mortgage of record, on its face regular, entitled the assignee to receive the interest in the absence of knowledge or notice of any kind to the contrary.

The legal effect of this decree, or at least the legal inference to be drawn from it, as we understand it, is to recognize as valid the payments of interest made by the terre-tenant to the defendant in the bill in equity, inasmuch as it specifically provides for payment of interest only from the last interest bearing period previous to the hearing.

In accordance with the terms of the decree, the mortgage was assigned to the appellant and, on September 18, 1901, the terre-tenants were notified that the plaintiff was the owner of the said bond and mortgage, in accordance with which the principal and interest from May 8, were paid by Hailman, one of the terre-tenants, to it, as administrator of Mrs. Montgomery.

Under these facts, as set forth more or less fully in the opinion of the court entering judgment for the defendant n. o. v., we can see no error in the entry of that judgment, which is the only error complained of.

The court below held, as a matter of law, that the appellant was estopped from maintaining the action. In 16 Cyc., under the head of Estoppel, 813, the general rule is briefly stated : " Ordinarily, where there is no dispute about the facts, it is a question of law whether or not the facts proved constitute an estoppel ; otherwise questions of estoppel are peculiarly for the determination of the jury." Under the authorities cited for this proposition is the case of Cox v. Rogers, 77 Pa. 160.

The appellant contends that the question of estoppel was for the jury, inasmuch as there were disputed facts raised by the oral testimony. We do not so understand it. The specific admissions of fact made at the trial, the averments of the bill in equity and the evidence of Mrs Montgomery at the hearing of said bill raised all the material facts necessary to the determination of the question and, in our opinion, fully justify the conclusion reached by the court. If it was the intention of Mrs. Montgomery to recover from the mortgagors the amount of their mortgage, she should have included them in her bill and have asked for an injunction to restrain them from paying the interest to the assignee who held the mortgage and was presumably the owner of it. She did not do this and secured

by the decree and in compliance with its terms all that she asked.

It is unnecessary to recapitulate or discuss the reasons upon which the court below reached its conclusion. They are fully given in the opinion and are, in the main, satisfactory. We think the case was properly disposed of by the entry of the judgment for the defendant n. o. v.

Judgment affirmed.

*Mortgage—Assignment—Fraud—Principal and agent—Estoppel.*

Where an attorney in fact fraudulently assigns a mortgage of his principal to pay a debt of his own, and the principal subsequently files a bill in equity against the assignee of the mortgage for a reassignment of the mortgage to himself, but without praying for an accounting of the interest received by the assignee, and without joining the terre-tenant in the bill and a decree is entered for a reassignment without any reference to the interest paid to the assignee, the principal is estopped from recovering such interest in a direct proceeding by a scire facias sur mortgage against the terre-tenant.

