# Atlantic Refining Company, Appellant, *v.* Fisher.

*Contract—Sale—Postponement of payment—Estoppel.*

Where a dealer purchases goods under an agreement that he is not to pay for them until he has used them, and thereafter when urged to pay for the goods asks for a further extension, and promises to pay after a certain period, he cannot after the expiration of such period, allege that he was not to pay for the goods until he had actually used them; his promise to pay on the specified date estops him from setting up the original contract.

Argued March 2, 1910. Appeal, No. 10, Jan. T., 1910, by plaintiff, from judgment of C. P. Lycoming Co., Dec. T., 1908, No. 366, on verdict for defendant in case of Atlantic Refining Company v. C. K. Fisher. Before RICE, P. J., HENDERSON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Assumpsit for goods sold and delivered. Before ORMEROD, P. J., specially presiding.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for defendant.

*Errors assigned* were in refusing binding instructions for plaintiff and in refusing judgment for plaintiff non obstante veredicto.

*M. C. Rhone*, with him *A. R. Jackson*, for appellant,

cited: Hill v. Epley, 31 Pa. 331; Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280.

*N. M. Edwards*, for appellee, filed no printed brief.

OPINION BY ORLADY, J., July 20, 1910:

On June 11, 1907, the plaintiff shipped two barrels of paint to the defendant, which were received and the freight charges thereon paid by the defendant within a few days.   In December of that year payment for the paint was demanded and a draft made on the defendant, which was not paid.   A few days later in reply to a letter from the plaintiff, the defendant wrote as follows: "Your letter is before me.   I was not at home when the draft came to hand, and I must now ask you to kindly prolong the time until Spring.   When I gave this order, I told him I had a lot of paint on hand and I really didn't need any this whole summer, and he wanted to be sure and keep me supplied and if I could not use it this summer, he would have the time extended.   I still have some old on hand and have not touched any of yours yet.   I told him if his paint was all right I would continue to use it, so I ask you kindly to extend this time until Spring as I have no use for it this winter.   Let me hear from you and hoping my request will be granted."

The sole defense offered on the trial was that at the time the alleged order was given for the paint, the defendant was promised by the agent, that "he did not need to pay for it until he used it," and whether this promise was in fact made by the plaintiff's agent was the question submitted to the jury; the court saying: "If as a matter of fact at the time this paint was sold it was understood between the agent and the defendant that he was not to pay for it until he used it, or until he began to use it, if that was the understanding between them, then this case is prematurely brought."   And the court refused the following points: "Second.   If the jury believe from the evidence that the defendant has retained possession of

the paint for over two years, then he has ratified the sale, the verdict must be for the plaintiff. Third. Under all the evidence in the case, the verdict must be for the plaintiff."

The defendant was called as if on cross-examination. He admitted the giving of the order and receiving the paint on June 11, 1907, and that he had it in his possession at the time of the trial, "that it was laying in the alley, soaking in the sand." There was no examination made of the paint, and defendant made no complaint as to its quality.

Conceding the defendant's contention to be correct, he has closed his mouth on that subject by his letter above quoted of December 24, in which he changed the time of payment from an indefinite, uncertain date in the future, to a reasonably definite one in the following spring. The request to "extend the time until spring," and "kindly prolong the time until spring," made definite as to the time of payment which beforehand had been uncertain was before uncertain. The plaintiff acted upon this request and made no further demand until the following August. The principle is well settled that where no time is fixed for the performance of a contract, the law will fix a reasonable time: Standard Interlock Elevator Co. v. Wilson, 218 Pa. 280.

The defendant then, after fixing the time to which he desired the payment extended, was bound to do one of two things, either pay or rescind, so that the plaintiff could have an opportunity of having the goods returned or of reselling them. Instead of this, the defendant retained possession of the goods and allowed them to deteriorate for want of proper protection. The reason for the rule which requires that a rescission be prompt, and that it be evidenced in some unequivocal manner is that parties may not be led into a course of action founded upon a belief that the contract has been affirmed: Mann v. Salsberg, 17 Pa. Superior Ct. 280.

Under the undisputed facts in the case, it was the duty

of the court to declare that however indefinite the time of payment originally was, the defendant had ratified and confirmed his purchase and made the time of payment definite and certain within a reasonable time; and that he is now estopped from making any contention in regard to further postponing the time when he was to pay for the paint until he had used it.

Where there is no dispute about the facts, it is a question of law, whether or not the facts proven constitute an estoppel, and should be determined by the court: Keating v. Orne, 77 Pa. 89; Coxe v. Rogers, 77 Pa. 160; Union Trust Co. v. Cain, 29 Pa. Superior Ct. 189. The extension given to the defendant was a reasonable one and the court should have so held and directed a verdict in favor of the plaintiff.

The first and second assignments of error are sustained. The judgment is reversed, and judgment is now entered non obstante veredicto in favor of the plaintiff.