### Standard Interlock Elevator Company *v.* Wilson, Appellant.

*Contract—Sale—Time of performance.*

Where no time is fixed for the performance of a contract, the law will fix a reasonable time.

Where a safety device for an elevator is sold under a stipulation that it is "to be installed at such date" as the purchaser may name, the purchaser must name a reasonable time for the installation, otherwise the seller may bring an action for the breach of the contract.

*Contract—Sale—Misrepresentation.*

In an action to recover on a contract of sale for elevator safety devices, an affidavit of defense is sufficient which avers that plaintiff had fraudulently represented to the defendant, as an inducement to enter

into the contract, that a combination or trust was about to be formed, for the purpose of controlling the sale of various elevator safety devices in the market, and that such trust would increase the price of installing said safety devices from and after a date named, and that defendant was thereby induced to enter into the contract.

It is true that false statements to be deemed fraudulent in law must relate to something represented as an existing fact; but a statement apparently only of intention, purpose or opinion, may amount to a statement of fact, as where a person fraudulently misrepresents his intention in doing a particular act to the damage of another.

Argued March 25, 1907. Appeal, No. 402, Jan. T., 1906, by defendant, from order of C. P. No. 4, Phila. Co., Sept. T., 1906, No. 2,360, making absolute rule for judgment for want of a sufficient affidavit of defense in case of Standard Interlock Elevator Company v. George B. Wilson. Before MITCH-ELL, C. J., FELL, MESTREZAT, POTTER and STEWART, JJ. Reversed.

Rule for judgment for want of a sufficient affidavit of defense.

The affidavit of defense was as follows :

Defendant admits that he accepted the proposal set forth in plaintiff's statement of claim, but avers that he did expressly reserve to himself the right to fix the time at which said safety devices might be installed.

Defendant having reserved to himself the right to fix the time at which said safety devices might be installed and no time having yet been fixed by him, he is informed and believes, and, therefore, avers that there has been no breach of contract on his part ; and that this suit is premature.

Defendant avers that at the time of the acceptance of said proposal he was informed by the said plaintiff that said plaintiff and other persons or corporations, doing business of a like nature as said plaintiff, were about to form a combination or trust for the purpose of controlling the sale of the various elevator safety devices in the market at that time, and that said trust would increase the price of installing said safety devices from and after January 1, 1905. That if said defendant did not accept said proposal before the date last mentioned, he, said defendant, would be obliged to pay a large increase over the price stipulated in said proposal for installing said devices,

to wit : A sum of $20.00 in excess of the price named in said proposal for each and every opening for all safety devices installed.

Defendant is informed and believes, and, therefore, avers that said representations were false and misleading, and that there has never been any combination or trust formed or organized by said plaintiff and any other persons or corporations; and that there has never been any increase in the price of installing said safety devices since the date of said proposal, and at the time that said plaintiff made said representations he, said plaintiff, well knew them to be false and that said representations were made with fraudulent intent and for the purpose of inducing this defendant to accept said proposal.    That said defendant verily believing and relying upon the truth of said statements and representations accepted said proposal which he would not otherwise have done had it not been for said false statements, representations and inducements.

Defendant is informed and believes, and, therefore, avers that part of the alleged damage claimed by plaintiff herein is made up of the sum of $810, which said sum plaintiff would be obliged to pay as a royalty should he be called upon to install said devices.

Defendant, therefore, avers that he is not indebted to the plaintiff in the sum of $1,610, or in any sum whatsoever, all of which matters and things the defendant believes to be true and expects to be able to prove on the trial of this cause.

The court made absolute rule for judgment for want of a sufficient affidavit of defense.

*Error assigned* was the order of the court.

*John G. Johnson*, with him *Samuel J. Randall* and *Matthew Randall*, for appellant.—The agreement lacks mutuality : Northern Cent. Ry. Co. v. Walworth, 193 Pa. 207 ; Nelson v. Von Bonnhorst, 29 Pa. 352 ; Lippincott's Estate, 21 Pa. Superior Ct. 214 ; Ice Co. v. Hawk, 29 Pa. Superior Ct. 13.

The plaintiff did not accept the conditions imposed by defendant at the time they were imposed : Johnston v. Fessler, 7 Watts, 48 ; Boyd v. Peanut Co., 25 Pa. Superior Ct. 199.

The contract was induced by fraud and misrepresentation :

Tyson v. Passmore, 2 Pa. 122; Jack v. Hixon, 23 Pa. Superior Ct. 453; Lake v. Weber, 6 Pa. Superior Ct. 42.

The alleged loss of profit having been shown to be exaggerated, it is submitted that it is a question for a jury to pass upon : McPherson v. Allegheny Nat. Bank, 96 Pa. 135; Hunter v. Reilley, 36 Pa. 509; Brown v. Gourley, 214 Pa. 154.

*Ira Jewell Williams,* with him *Francis Shunk Brown* and *Alex. Simpson, Jr.,* for appellee.—The proposal and acceptance of December 30, 1904, were absolute both in form and substance, the actual intent of the parties being that the devices were to be installed within a reasonable time : Gill Mfg. Co. v. Hurd, 18 Fed. Repr. 673; Wagenseller v. Simmers, 97 Pa. 465; Stevenson v. Kleppinger, 5 Watts, 420; Jacobs v. Figard, 25 Pa. 45; Newsam v. Finch, 25 Barb. 175; Howes v. Woodruff, 21 Wend. 640; Nice v. Walker, 153 Pa. 123; Lewis v. Tipton, 10 Ohio St. 88; Chichester's Ex'r v. Vass's Adm'r (Va.), 1 Munf. 98; Works v. Hershey, 35 Iowa, 340; McClung v. Bergfield, 4 Minn. 148.

Appellant's repudiation of the contract gave rise to an immediate right of action for damages : Hocking v. Hamilton, 158 Pa. 107; Philadelphia Ball Club, Ltd., v. Lajoie, 202 Pa. 210; Unexcelled Fire-Works Co. v. Polites, 130 Pa. 536; Worden v. Connell, 196 Pa. 281; McHenry v. Bulifant, 207 Pa. 15.

Fraud can only be predicated upon misrepresentations of existing facts. The matters to which the appellant's alleged statements relate are all in futuro : Grove v. Hodges, 55 Pa. 504; Fulton v. Hood, 34 Pa. 365; N. Y. Life Ins. Co. v. Miller, 32 S. W. Repr. 550.

The averments of damages are not sufficiently met by the affidavit of defense.

Opinion by Mr. Justice Potter, May 20, 1907 :

This is an appeal from a judgment entered for want of a sufficient affidavit of defense. In the statement filed by the plaintiff it is averred that the parties entered into a written agreement which was contained in a letter from plaintiff to defendant, and in the reply of the defendant. It was proposed by the plaintiff to equip, with safety devices, for the defend-

ant, five elevators, located in the Pennsylvania building, at a total cost of $3,075, payable thirty days from the completion of the work. In the reply defendant accepted the proposal, adding : " Device to be installed at such date as we may name." The statement further averred that plaintiff has repeatedly offered to perform the contract, but that the defendant has neglected and refused to comply therewith, and has repudiated all liability thereunder. Plaintiff averred that the actual cost of furnishing the devices contemplated by the contract would be $1,465, and claimed to recover $1,610, or the difference between the cost and the contract price.

The affidavit filed by defendant sets up three grounds of defense : First, that in the contract defendant reserved to himself the right to fix the time when the safety devices might be installed, and that as no time had yet been fixed by him there had been no breach of contract on his part, and the suit was, therefore, premature. We do not regard this as the statement of a good defense. The principle is well settled that where no time is fixed for the performance of a contract the law will fix a reasonable time. The proposal was accepted by the defendant, and the qualification which was added, by which the right to indicate the time for installation was reserved, is not inconsistent with the acceptance. It must be construed in harmony with the offer and acceptance. This would require and imply that the naming of the date for installation should be within a reasonable time.

The second ground of defense set up is that plaintiff had fraudulently represented to the defendant, as an inducement to enter into the contract, that a combination or trust was about to be formed, for the purpose of controlling the sale of the various elevator safety devices in the market, and that such trust would increase the price of installing said safety devices from and after January 1, 1905, and that defendant was thereby induced to enter into the contract. This allegation was, we think, sufficient under our decisions to take the case to the jury. Thus, in Williams v. Kerr, 152 Pa. 560, it was held that a decree for reconveyance of land will be made where it appears that the owners of the land were induced to sell it by a false representation of the vendee that a foundry and machine shop would be immediately erected upon the property,

which would greatly enhance the value of their remaining land, and that but for the falsehood and deception practiced upon them they would not have accepted the price that was paid them. So also in Sutton v. Morgan, 158 Pa. 204, it was held that a sale of land will be rescinded where it appears that the vendee was induced to purchase the land at twice its value by false representations of the vendor's agents as to the demand for building lots, and that railroad shops were about to be erected in the neighborhood.

It is true that false statements to be deemed fraudulent in law must relate to something represented as an existing fact, but a statement " apparently only of intention, purpose or opinion, may amount to a statement of fact, as where a person fraudulently misrepresents his intention in doing a particular act to the damage of another : " Benjamin on Sales, sec. 449 et seq. In this connection is cited the case of Edgington v. Fitzmaurice, L. R. 29, Ch. Div. 459, where the directors of a company issued a prospectus inviting subscriptions for debentures, stating that the objects of the issue of the debentures were to complete alterations in the buildings of the company, to purchase horses and vans, and to develop the trade of the company, whereas the real object of the loan was to enable the company to pay off pressing liabilities. It was held that the misstatement of the object for which the debentures were issued was a material misrepresentation, and rendered the directors liable to an action for deceit.

The third matter of defense relied upon by the defendant is not clearly stated. But it may be fairly inferred from what is said that the defendant means to aver that the royalty of $810 was not included in the sum of $1,465 which was given by the plaintiff as the cost of furnishing the device. Whether or not any royalty was payable is a question of fact. If it was, then, as a matter of course, it should be included as a part of the cost of furnishing the device.

The judgment is reversed with a procedendo.