## LEVENSON v. B. & M. FURNITURE CO., Inc.

### No. 370.

Circuit Court of Appeals, Second Circuit.

June 17, 1941.

Sidney Wedeen and Cohen & Wedeen, all of New York City, for appellant.

Abraham Chaice, of New York City, for appellee.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

It is quite true that the creditor can have no relief in this situation without proving fraud by the debtor; but it is a mistake to suppose that the whole "arrangement" must then be set aside. The first subdivision of § 386, 11 U.S.C.A. § 786, does indeed require that this shall be done and that the estate shall be liquidated, and the second presupposes that the plan shall be altered or modified generally; but the third subdivision demands neither, it looks only to the specific correction of the wrong done if that may be accomplished without affecting "adversely" the interests of innocent parties. Under the power so conferred the bankruptcy court may, if the circumstances permit, grant what the creditor here demands; i. e., that his claim shall be scheduled and allowed, and that the plan shall provide for it according to its proper priority, if any.

The petition at bar does not indeed allege the fraud with as much particularity as is desirable. But the omission is not fatal; it is only a pleading, and Rule 8(f), 28 U.S.C.A. following section 723c, demands that it "shall be so construed as to do substantial justice." Its general purport is plain enough, and if the debtor had really any doubt about its meaning—which plainly it had not—it had, and still has, relief under Rule 12(e); the day has

passed when substantial interests stand or fall for such insubstantial reasons.

Order affirmed.