**AUTOMOTIVE SERVICE OF READING, Inc. v. READING TRUST CO. et al.**

**Civ. No. 11375.**

United States District Court,
E. D. Pennsylvania.

Nov. 27, 1950.

Wilmer G. Williams, Philadelphia, Pa., William R. Lessig, Jr., Charles H. Weidner, and Stevens & Lee, all of Reading, Pa., for plaintiff.

Russell L. Hiller, Reading, Pa., for defendants.

CLARY, District Judge.

Plaintiff, Automotive Service of Reading, Inc., has sued the Reading Trust Company and Florence M. Stratmeyer, testamentary trustees of the will of Julius Stratmeyer, deceased, and Burkhardt Wurts to recover the sum of $100,000 down payment and incidental expenses of approximately $12,000 arising out of a contract between the parties involving the sale of all the capital stock of Penn Service Oil Company.

Defendants herein were the owners of all the capital stock of the aforesaid Penn Service Oil Company. Under date of November 1, 1949, in a detailed and carefully drawn contract, defendants agreed to sell all the capital stock, totaling 500 shares, to the plaintiffs for a total consideration of $750,000 plus additional sums to cover the cost value of inventory and stated pieces of equipment. The sum of $50,000 was deposited in escrow as a first down payment, settlement to be made on or before December 31, 1949. Because of inability to obtain detailed information contemplated within the terms of the contract regarding the financial status of Penn Service Oil Company, at the request of plaintiff herein, the purchaser, the time for performance under the contract was extended to February 15, 1950. An additional sum of $50,000 was paid and the amount in escrow was released to the defendants. Time was stated in both agreements to be of the essence of the contract. So far as the Complaint discloses the settlement date of February 15, 1950 passed without plaintiff completing its part of the agreement. On February 27, 1950, plaintiff's attorney notified defendants' attorney that audit reports indicated certain inaccuracies in financial data previously supplied by defendants and incorporated as part of the original contract. That financial data was expressly warranted by the defendants to be true and correct. The contract itself provided that all representations and warranties therein contained were to be considered continuing representations and warranties which were to survive the date fixed by the agreements for the closing and final settlement. On September 14, 1950, plaintiff herein instituted the suit above referred to. On October 5, 1950, defendants moved to dismiss the action on the following three grounds:

"1. The Complaint on its face shows a default on the part of the Plaintiff to perform the contract according to its express terms and within the time limit fixed therein for performance.

"2. The Plaintiff fails to aver and plead a legally sufficient excuse for its failure to perform the contract within the time limit fixed therein for performance.

"3. The Plaintiff fails to aver and plead in its Complaint its readiness, willingness and financial ability at all times prior to the time fixed therein for performance, to perform its part of the contract but for the alleged breaches of warranty."

The matter is now before me for decision on defendants' motion to dismiss.

The position taken by the defendants herein is that the parties have set out their respective agreements which contemplated payment in full on or before February 15, 1950; that the sum of $100,000 was fixed as liquidated damages; that the complaint shows on its face that the plaintiff is in default, it has failed to aver and plead a legally sufficient excuse for its failure of performance and has failed to aver its readiness, willingness and financial ability to perform at the time fixed for settlement.

Were plaintiff herein suing in affirmance of the contract, it might well be that the position taken by the defendants in their motion would be sound. However, I do not view the action of the plaintiff herein as an action in affirmance of the contract.

The Complaint alleges that the plaintiff was induced to enter into this contract by the representations and warranties contained in the written contract. The Complaint further alleges that the warranties were false and that except for plaintiff's reliance upon the truth of the representations and warranties, it would not have entered into the contract. This spells out the elements of legal fraud. See Williston, "Contracts", Revised Edition, Volume V, Section 1500. This action is to recover the down payment of the money and in general to restore the status quo of the parties. Defendants' contention, as I understand it, is that once the purchaser has defaulted in its contract, (particularly in view of the provisions of time being of the essence of the contract and for liquidated damages) all of its rights are concluded by the agreement itself. Further, that nothing discovered thereafter can affect the position of the defaulting party in the absence of a showing of a legal excuse for not completing its contract on time or of an averment of its financial ability and readiness and willingness to complete the transaction. I do not so understand the law. In Williston on Contracts, Revised Edition, Volume V, Section 1525, at page 4269, Professor Williston has a very illuminating discussion of the principles of rescission and restitution for fraud and misrepresentation. He points out that if the defrauded party has parted with nothing and has merely entered into an executory obligation by simple contract, he may plead the fraud as a defense. However, he points out that where a defrauded party has parted with property which he wishes to regain, he is compelled to sue. He discusses the different types of action in law and equity and points out in Section 1526, at pages 4276, 4277 as follows: "The fact that the defrauded party has broken the contract before discovery of the fraud will not deprive him of his right to damages for the fraud in inducing him to

enter into it, although the contract has been terminated by the fraudulent party on account of the breach; nor will it prevent the exercise of his power of avoidance if the requisite restoration of the former status is possible; and it is no defense to an action for deceit that part of the defrauded party's performance is not yet due."

Section 490 of the Restatement of Contracts entitled "When fraud or misrepresentation prevents duty of performance, or nullifies a previous breach by the injured party" is in accord. See particularly Comment b and Illustration 3 under that Section. Under the principles above discussed the Complaint alleges facts which, if proved at time of trial, constitute legal fraud. While plaintiff has not set out "in haec verba" a direct allegation of fraud, under our system of notice pleading the complaint need only put the defendant on notice of what it will be called upon to meet.

The plaintiff herein has stated a valid cause of action which the defendants must answer on the merits. A summary disposition of the case is not warranted. The motion to dismiss, therefore, is denied.