UNITED STATES of America
v.
Joseph A. GILL.
Civ. A. No. 13187.

United States District Court
W. D. Pennsylvania.
Nov. 20, 1957.

**MARSH, District Judge.**

Plaintiff brought this action to recover an alleged balance due on a promissory note executed by defendant and delivered to plaintiff's predecessor in title, the Reconstruction Finance Corporation.[1]

The defendant admits in his answer to the complaint that the note was executed and delivered by him to the Reconstruction Finance Corporation; and further admits the truth of plaintiff's allegation that defendant has only paid $2,596.20 of the $5,255 face value of the note. However, defendant denies any indebtedness to plaintiff, but to the contrary alleges in a counterclaim incorporated in his answer, that the plaintiff is indebted to the defendant in the sum of $1,371.20.

In support of his counterclaim and his denial of indebtedness, the defendant alleges that the note in question was given in part payment for a surplus Cessna Aircraft, which defendant had purchased from the Reconstruction Finance Corporation; that defendant was induced by the fraudulent representations of agents of that organization to purchase the aircraft at a price far in excess of its fair market value, and that defendant has already paid more than the fair value of the aircraft and is therefore not indebted to plaintiff, but rather is entitled to recover from the plaintiff.

The plaintiff has now filed a motion for summary judgment and a motion to dismiss the counterclaim, which motions are herein considered.

D. Malcolm Anderson, U. S. Atty., Hubert Teitelbaum, First Asst. U. S. Atty., Pittsburgh, Pa., for plaintiff.

Frank J. Gaffney, of Thorp, Reed & Armstrong, Pittsburgh, Pa., for defendant.

## Motion for Summary Judgment

The plaintiff contends that it is entitled to summary judgment because defendant's pleading "is a simple allegation of fraud without alleging in detail the specific elements thereof, and without particularity sufficient to set forth a valid defense as elements thereof."[2]

---

1. Plaintiff does not contend that it is a holder in due course of the note.

2. "Question Involved", plaintiff's brief p. 2.

We cannot agree with the plaintiff and, accordingly, must deny its motion for summary judgment.

The defendant has alleged in his answer that prior to October 18, 1945, when defendant purchased the said aircraft, he had conducted negotiations with the duly authorized agents of the Reconstruction Finance Corporation; that it was represented to defendant by said agents that there were only a very few of the subject-type aircraft available; that the price was about to be increased; and that if defendant wished to purchase the aircraft at the then prevailing price of $8,500, he should act promptly. Defendant then avers that he had no means of verifying the accuracy of the representations, and that in complete reliance on them he made the October 18, 1945 purchase at $8,500, and executed the note in question in part payment thereof. The defendant further avers that the said agents knew or should have known when they made the aforesaid representations that a substantial number of identical aircraft were available, and that the purchase price was about to be lowered. Finally, defendant avers that in January, 1946, the purchase price was in fact lowered to prices ranging from $500 to $2,500.

■ Although we think the defendant's pleading is sufficient under Rule 9(b), Fed.R.Civ.P., 28 U.S.C. as discussed hereafter, even if it is defective, a genuine issue of fact appears in respect to whether the defendant's purchase was induced by the fraud of agents of the Reconstruction Finance Corporation. Wittlin v. Giacalone, 1946, 81 U.S. App.D.C. 20, 154 F.2d 20.

■ Where a genuine issue of a material fact appears from the pleadings, summary judgment cannot be granted.

Fairbanks, Morse & Co. v. Consolidated Fisheries Co., 3 Cir., 1951, 190 F.2d 817; Toebelman v. Missouri-Kansas Pipe Line Co., 3 Cir., 1942, 130 F.2d 1016.

■ Rule 9(b), as it has been construed by the courts, does not require that fraud be pleaded with absolute and detailed particularity. All that is required is that the circumstances constituting the alleged fraud be pleaded with sufficient definiteness so as to advise the adversary of the claim which he must meet.

■ While the circumstances pleaded by the defendant here are not as detailed as might be desirable, nevertheless, we feel that the plaintiff has been adequately notified of the defense it must meet.[3] Wittlin v. Giacalone, supra; Levenson v. B. & M. Furniture Co., Inc., 2 Cir., 1941, 120 F.2d 1009; Automotive Service of Reading, Inc. v. Reading Trust Co., D.C.E.D.Pa.1950, 93 F.Supp. 907, 909; Hirshhorn v. Mine Safety Appliances Co., D.C.W.D.Pa.1944, 54 F. Supp. 588.

Nor can we agree that the defendant's pleading does not set forth the essential elements of fraud as defined by the substantive law of Pennsylvania. See In re McClellan's Estate, 1950, 365 Pa. 401, 75 A.2d 595; cf. Seaboard Surety Co. v. Permacrete Construction Corp., 3 Cir., 1955, 221 F.2d 366, 375; Neuman v. Corn Exchange National Bank & Trust Co., 1949, 356 Pa. 442, 51 A.2d 759, 763, 52 A.2d 177; Restatement of Contracts, § 471.

Specifically, the plaintiff asserts that the allegations of fraud pleaded by the defendant constitute a mere statement of opinion and of a future occurrence, and that the defendant fails to aver an intention to deceive on the part of the

---

**3.** After argument the defendant submitted a paper over the signature of his attorney wherein he names one of the Reconstruction Finance Corporation's agents with whom he dealt, and substitutes definite figures for expressions "very few" and "substantial number" which appear in the answer. The paper is not in affidavit form and is not to be considered by the court, 6 Moore's Fed.Prac. § 46.11 (8), p. 2062, except, perhaps, as a statement of the facts which defendant expects to offer at trial as proof of his averments of fraud as is done in pre-trial conference.

Reconstruction Finance Corporation's agents with whom he dealt.

Where, as here alleged, there is a misrepresentation of opinion or future occurrence coupled with a misrepresentation of present existing facts, the misrepresentations may constitute fraud under the law of Pennsylvania. See: Standard Interlock Elevator Co. v. Wilson, 1907, 218 Pa. 280, 67 A. 463; Lake v. Thompson, 1951, 366 Pa. 352, 77 A.2d 364, 366; Zettlemoyer v. Bloch, 1938, 329 Pa. 205, 198 A. 80; Gillespie v. Hunt, 1923, 276 Pa. 119, 119 A. 815.; Boulevard Airport, Inc. v. Consolidated Vultee Aircraft Corp., D.C.E.D.Pa.1949, 85 F.Supp. 876.

It seems to be the law of Pennsylvania that one may be justified in relying on a misrepresentation of value where he does not have means to verify it. See: Lake v. Thompson, supra. Furthermore, it is not essential that the agents in question had an intention to deceive, for even an innocent misrepresentation of fact may be fraudulent. See: LaCourse v. Kiesel, 1951, 366 Pa. 385, 77 A.2d 877.

The plaintiff's motion for summary judgment will be denied.

### Motion to Dismiss Counterclaim

By his counterclaim, which the plaintiff moves this court to dismiss, the defendant seeks to recover an affirmative judgment against the plaintiff in the sum of $1,371.20. This claim is based on the alleged misrepresentations of the agents of the Reconstruction Finance Corporation previously mentioned in this opinion, and as such sounds in tort in the nature of an action of deceit. The defendant in his answer first raised the defense of fraud to the plaintiff's claim on the note in question; in the counterclaim defendant again denied any indebtedness to the plaintiff and claimed the $1,371.20 not on any theory of recoupment or set-off, but on the theory of an affirmative right of recovery. The counterclaim must be dismissed.

It is fundamental "that without specific statutory consent, no suit may be brought against the United States." United States v. Shaw, 1940, 309 U.S. 495, 500–501, 60 S.Ct. 659, 661, 84 L.Ed. 888. Although the defendant cites 28 U.S.C.A. § 1346(b) as the requisite statutory authority for his counterclaim, section 2680(h) of that title specifically excludes from the scope of section 1346(b) any claim based on, inter alia, deceit or misrepresentation. See Miller Harness Co. v. United States, 2 Cir., 1957, 241 F.2d 781.

The fact that the instant suit was instituted by the United States and that defendant's claim for affirmative relief comes in the form of a counterclaim in that suit arising out of the transactions upon which the government bases its action, does not enlarge the defendant's rights to sue the government. The defendant's counterclaim is not in the form of recoupment or set-off but rather an independent claim for affirmative relief. In the case of In re Monongahela Rye Liquors, 3 Cir., 1944, 141 F.2d 864, at page 869, the court said:

"It is, of course, true that when the United States or a State institutes a suit, it thereby submits itself to the jurisdiction of the court, but, as to claims against the sovereign, the latter's submission to a court's jurisdiction, because of its suit, draws in only such adverse claims as have arisen out of the same transaction which gave rise to the sovereign's suit. * * * A defendant's right in such regard is one of recoupment."

The court then cites Bull v. United States, 1935, 295 U.S. 247, 55 S.Ct. 695, 79 L.Ed. 1421, for the proposition that recoupment is in the nature of a defense. See also United States v. Finn, 9 Cir., 1956, 239 F.2d 679, and In re Greenstreet, Inc., 7 Cir., 1954, 209 F.2d 660 where at page 664 the court stated:

"The postulate to be distilled from the cases is \* \* \* that the United States, by initiating an action as a plaintiff, consents to the jurisdiction of the court to entertain any *defensive* plea including the right of set-off to the extent of the government's claim, but does not thereby consent to an affirmative judgment on a counterclaim." (Emphasis supplied.)

The court also cited, inter alia, United States v. United States Fidelity & Guaranty Co., 1940, 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894, and United States v. Shaw, supra. See also: Waylyn Corporation v. United States, 1 Cir., 1956, 231 F.2d 544, certiorari denied 352 U.S. 827, 77 S.Ct. 40, 1 L.Ed.2d 49.

The plaintiff's motion to dismiss the defendant's counterclaim will be granted.