**FEDERAL DEPOSIT INSURANCE COR-PORATION, Plaintiff,**

v.

**FIREMAN'S FUND INSURANCE CO., a California corporation, Defendant and Third-Party Plaintiff,**

v.

**Martin D. VonZAMFT, William L. Crandall, William L. Marmorstein and Bernard Harrison, Third-Party Defendants.**

**Civ. No. 67–429.**

United States District Court
S. D. Florida,
Miami Division.

Aug. 21, 1967.

Blackwell, Walker & Gray, Miami, Fla., for plaintiff.

Fowler, White, Collins, Gillen, Humkey & Trenam, Tampa, Fla., for defendant and third-party plaintiff.

Harrison & Kornbluh, Miami, Fla., for third-party defendant Harrison.

Hoffman & St. Jean, Miami Beach, Fla., for third-party defendant Crandall.

Harold Ungerleider, Miami, Fla., for third-party defendant Marmorstein.

## OPINION

EATON, District Judge.

*Motion to Strike Defense relating to Fraud*

The Plaintiff Federal Deposit Insurance Corporation sues as assignee of Five

Points Bank on two bonds issued by Defendant Fireman's Fund Insurance Company. By its third defense, Fireman's Fund seeks to plead "fraud in the inducement," stating that it was fraudulently induced by Plaintiff's assignor to issue the bonds. In its motion to strike, the Plaintiff urges that the averment of fraud contained in the third defense is not pleaded with particularity, as is required by Rule 9(b) Federal Rules of Civil Procedure. The Defendant cites National Steel Corp. v. Maryland Casualty Co., 18 F.R.D. 166 (W.D.Pa.1955), as authority for the proposition that the requirement of Rule 9(b) is not applicable when the fraud alleged is that of a third person not a party to the proceedings.

■■ National Steel Corp. v. Maryland Casualty Co. holds that when the alleged fraud is not the basis of the action or claim, it need not be pleaded with particularity. The cited case is not applicable. A plea of fraud in the inducement is an *averment* of fraud as contemplated by Rule 9(b). Compare United States v. Gill, 156 F.Supp. 955 (W.D.Pa.1957). The third defense as alleged falls short of the pleading requirement of Rule 9(b).

*Motion to Stay Discovery*

The Plaintiff urges that no discovery should be had in this cause until a criminal case pending against certain former officers and employees of the assignor bank is concluded. The criminal case was filed first. The Defendants in the criminal case are the third party Defendants in this case. Both cases arise from the same factual circumstances. The Plaintiff is concerned, in view of the distinctions between discovery in civil cases and discovery in criminal cases, that the government will be prejudiced in the criminal case if discovery proceeds here.

The Plaintiff, Federal Deposit Insurance Corporation, is without standing to press the motion to stay discovery as against Fireman's Fund. Plaintiff is a corporation existing under an act of Congress. Its purpose is to insure bank deposits. Having the authority to sue, it brings this action as the assignee of the "unacceptable assets" of the Five Points National Bank and assignee of Five Points National Bank of certain bonds attached to its complaint and marked as Exhibits "B" and "C."

The Plaintiff, in its memorandum in support of its motion to stay, says that this suit involves the same parties as does the pending criminal action, (page 2 of memo). The United States of America is not a party to this suit. The Federal Deposit Insurance Corporation is not a party in the criminal case.

The Plaintiff instituted this action, no doubt under pressure of an applicable statute of limitations. Nevertheless, the Defendant Fireman's Fund is entitled to pursue discovery in defense of the Plaintiff's claim. One of the purposes for statutes of limitation is to guarantee seasonable investigation by persons sued.

In each of the reported cases relied upon by Plaintiff, save one, on its motion to stay, the *government* * (either state or federal) moved to stay discovery in the civil proceeding because the government was then prosecuting the party with which it was involved in the civil litigation. The exception is Campbell v. Eastland, 307 F.2d 478 (5th Cir. 1962). There the District Director of Internal Revenue sought the stay. That contest was between the Eastlands and the District Director. The Director was represented by lawyers from the Office of the Attorney General, the Department of

---

* In United States v. Steffes, 35 F.R.D. 24 (D.Mont.1964), the trial Court apparently consolidated a civil action between the Securities and Exchange Commission and Steffes with a criminal action against Steffes arising out of the transactions which were the subject of the civil action. The Court did not intend to set the civil case for trial until disposition of the criminal case. The government and the S.E.C. moved for and were granted a stay in the civil proceeding, but no party involved was in the position that Defendant Fireman's Fund occupies in the case at bar.

Justice, and the Office of the United States Attorney. In effect, the Eastlands were suing the Director for a tax refund and the Director was causing Mr. Eastland to be prosecuted for alleged tax fraud. The District Director was "the government," to all intents and purposes. The civil action for tax refund was "tied in a tight knot" with a criminal prosecution for fraud. Id. at 480.

In our instant case, it is Fireman's Fund that is "tied in a tight knot." It was subject to suit by Five Points Bank. Due to circumstances not of its own making it is being sued by the Federal Deposit Insurance Corporation. This case does not fall into the category outlined by the Plaintiff in its memorandum filed in support of its motion to stay.

More important, the rationale of the cases cited by the Plaintiff is that one under indictment should not be allowed to use a civil action as a device or vehicle to obtain discovery for use in the criminal case when such discovery would not otherwise be available to him in the criminal case.

Defendant Fireman's Fund has not been indicted. It is attempting to defend against a substantial action for damages. This Court has been shown no case where one in the position of the Defendant Fireman's Fund has been denied discovery under circumstances such as those before the Court.

■■ The question of whether or not all discovery should be stayed is addressed to the reasonable discretion of the Court. That discretion should be exercised in favor of discovery where the party *bringing* the action seeks to stay discovery and where such a stay would prejudice a defendant who is not alleged in any way to have occasioned the bringing of an indictment.

■■ This is not to say that the government is without recourse. The United States of America has filed, without authority of the Court, a "statement" as "amicus curiae." In that statement it has "adopted" Plaintiff's motion for stay and has "requested" this Court to stay all dis-

covery herein. No objection has been raised to the filing of the "statement" as "amicus curiae." A Federal Court can call on law officers of the United States to serve as amicus curiae to represent the public interest in the administration of justice. Universal Oil Products Co. v. Root Refining Co., 328 U.S. 575, 581, 66 S.Ct. 1176, 1179, 90 L.Ed. 1447 (1946). See Bush v. Orleans Parish School Board, 191 F.Supp. 871, 878 (E.D.La.1961). The Court concludes that the participation of the United States at this stage of the proceeding is appropriate. The public's interest should be protected. Orders entered by this Court in the criminal proceeding should not be circumvented.

Therefore, the Court hereby, until further order, recognizes the position of the United States as amicus curiae in this cause for the purpose hereinafter designated. (But the United States is not a party and there is no government motion before the Court for stay of discovery proceeding.)

There is before the Court a certified copy of an order signed on June 14, 1967, in Case #66–287–CR–CF by the Honorable Charles B. Fulton, Chief Judge of this Court. Portions of that order refer to "motions for discovery" and "other motions to produce." In view of the denial this date of Plaintiff's motion to strike the third party complaint filed herein, the United States of America, as amicus curiae, is hereby authorized to file appropriate motions before this Court in this cause if and when discovery sought by any party would exceed the scope of Chief Judge Fulton's order entered June 14, 1967, in case #66–287–CR–CF. In that connection, the attention of the amicus curiae is directed to that portion of the order referred to which directs the government to produce for inspection and discovery "any books, papers, documents or tangible objects which are material to the preparation of the defendants' defense" (page 11) and to that portion of that order which recites that the government has offered to reveal to the Defendants in the criminal case any of certain evidence favorable to the Defendants

when such evidence becomes known to the government (page 12).

In Campbell v. Eastland, supra, Judge Wisdom wrote for the Court as follows:

"Judicial discretion and procedural flexibility should be utilized to harmonize the conflicting rules and to prevent the rules and policies applicable to one suit from doing violence to those pertaining to the other." Id. at 487.

It is the duty of the Court to see to it that each party's access to the truth remains open so long as the course that is followed has been chartered in the rules and so long as the rights of all interested parties are protected. That duty can best be performed as this conflict unfolds.

It is so ordered.