COTTMAN TRANSMISSION
SYSTEMS, INC.

v.

Alan A. DUBINSKY, William Dubinsky, and Dubinsky Brothers, Inc.

Civ. A. No. 82–1471.

United States District Court,
E. D. Pennsylvania.

Aug. 6, 1982.

Kathleen A. Fiftal, James A. Hartz, Fort Washington, Pa., for plaintiff.

Michael H. Roth, Scranton, Pa., David Sorin, Philadelphia, Pa., for defendants.

## MEMORANDUM OPINION AND ORDER

WEINER, District Judge.

This action includes a complaint by plaintiff alleging fraud and breach of contract, and a counterclaim by defendants. Count I of this counterclaim alleges the following: that the plaintiff pledged to a bank the defendants' continuing advertising fees, and granted a lien and/or encumbrance on those fees to the bank, and plaintiff commingled the advertising fees of all licensees; all of these actions performed in violation of and prior to the execution of the License Agreement and all of these actions intentionally and knowingly withheld from the knowledge of defendants. Count II of this counterclaim alleges the following: that defendants were defrauded into executing the License Agreement and delivering substantial amounts of money to the plaintiff by reason of the plaintiff's willful, knowing and intentional material misrepresentations. Before the court is plaintiff's motion to dismiss these two counts of the counterclaim, or in the alternative, a motion for a more definite statement of these two counts. In essence, plaintiff's motions state that the allegations of Counts I and II do not meet the requirements of F.R.C.P. Rule 9(b) and that, therefore, no claim has been stated upon which relief can be granted. For the reasons which follow, we deny these motions, with leave to renew at trial.

Federal Rule of Civil Procedure 9(b) provides that, "In all averments of fraud and mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Rule 8(a), of course, requires only that the complaint set forth "a short and plain statement of the claim." Rule 9(b) is not intended to abrogate the basic pleading requirements of Rule 8(a). *Felton v. Walston Co. Inc.,* 508 F.2d 577 (2d Cir. 1974); *Carroll v. First National Bank of Lincolnwood,* 413 F.2d 353 (7th Cir. 1969), *cert. denied,* 396 U.S. 1003, 90 S.Ct. 552, 24 L.Ed.2d 494 (1970); *Carrigan v. California State Legislature,* 263 F.2d 560 (9th Cir. 1959) *cert. denied,* 359 U.S. 980, 79 S.Ct. 899, 3 L.Ed.2d 929 (1959); 2A *Moore's Federal Practice* ¶ 9.03 at p. 9–28 (2d ed.) Rule 9(b) does not require that evidentiary facts be pleaded. 2A *Moore's Federal Practice, supra,* at 9–30. Rule 9(b), as it has been construed by the courts, does not require that fraud be pleaded with absolute and detailed particularity. All that is required is that the circumstances constituting the alleged fraud be pleaded with sufficient definiteness so as to advise the adversary of the claim which he must meet. *Whittlin v. Giacalone,* 154 F.2d 20 (D.C.1946); *Levenson v. B & M Furniture Co., Inc.,* 120 F.2d 1009 (2d Cir. 1941); *United States v. Gill,* 156 F.Supp. 955 (W.D.Pa. 1957). Furthermore, where it is alleged that the requirements of Rule 9(b) as to particularity have not been complied with, a motion for a more definite statement is to be granted only if the pleading is so vague or ambiguous that the moving party cannot frame a responsive pleading. *Rekeweg v. Federal Mut. Ins. Co.,* 27 F.R.D. 431 (N.D. Ind.1961), aff'd 324 F.2d 150 (7th Cir. 1963), *cert. denied* 376 U.S. 943, 85 S.Ct. 436, 13 L.Ed.2d 542 (1963); *United States v. Gill, supra.*

Turning to the sufficiency of the allegations in the case *sub judice,* this court does not find the counterclaim deficient in definiteness. The counterclaim is not so vague

or ambiguous that plaintiff cannot reasonably be required to frame a response. Should plaintiff deem greater particularity necessary to the preparation of an adequate defense to the counterclaim, it has recourse to various discovery procedures.

■ Specifically, Count I of the counterclaim alleges that plaintiff knowingly and intentionally withheld material information from defendants to induce them to execute the agreement and to deliver money. It is the *silence* or failure to act on the part of plaintiff which is complained of. Conduct which never occurred cannot be described with greater particularity other than to state that it did not occur. Furthermore, Paragraph 34 of Count I states with particularity the contract terms requiring that plaintiff use all advertising fees paid by defendants for advertising, and that the advertising fees should not be used for general operating expenses. Paragraph 35 states that in violation of the express mandates of the contract executed by the parties, plaintiff not only pledged the advertising fees to Provident National Bank but also commingled the advertising fees of all licensees and used them for general operating expenses. Paragraphs 37 and 39 state that plaintiff intentionally and knowingly withheld from defendants the fact of pledge and of the commingling prior to the execution of the contract between the parties.

■ Count II of the counterclaim alleges that plaintiff "repeatedly, intentionally and knowingly made material misrepresentations" that it had acted, was acting, and would in the future act in accordance with all the specific mandates and requirements of the license agreement. A factual foundation is laid for this allegation, since Count I is incorporated in Count II by reference. The plaintiff's position is that the counterclaim does not allege the "time, place, contents of the false representations as well as the identity of the person making and receiving the misrepresentation." However, it is clear from the counterclaim what representations were allegedly made. While defendants have not pinpointed with deadly

accuracy the time or place the representations were made, the allegation that they were made during the period "prior to the execution of the contract" indicates the general time period adequately. Cf. *United States v. Gill, supra.* Again, the counterclaim fulfills the pleading requirements of Rule 9(b).