Nathaniel W. TINDALL, II, Plaintiff,

v.

Kirk GIBBONS; Elliott Good; the Law Firm of Gibbons, Smith, Cohn & Arnett, P.A.; the Law Firm of Hicks, Anderson & Blum, P.A.; Mark Hicks, the Law Firm of Bush, Ross, Gardner, Warren & Rudy, P.A., Travelers Indemnity Company; and Richard Ake, in his individual capacity, Defendants.

No. 8:01CV148T30TGW.

United States District Court, M.D. Florida, Tampa Division.

Aug. 14, 2001.

Nathaniel W. Tindall, II, Law Office of Nathaniel W. Tindall, II, Tampa, FL, for Plaintiff.

Lee Delton Gunn, IV, Gunn Merlin, P.A., Tampa, FL, for Lee D. Gunn, IV.

Edward O. Savitz, Patricia L. Douglas, Bush, Ross, Gardner, Warren & Rudy, P.A., Tampa, FL, for Kirk Gibbons, Elliott Good, Law Firm of Gibbons, Smit, Cohn & Arnett, P.A., Defendant.

David C. Knapp, Rogers, Dowling, Fleming & Coleman, P.A., Orlando, FL, for Travelers Indemnity Co.

Helene Ellen Marks, Tampa, FL, for Richard Ake.

### ORDER

MOODY, District Judge.

Plaintiff Nathaniel W. Tindall, II, a practicing attorney in Florida appearing *pro se*, filed this action on January 22, 2001, against the above-named Defendants alleging that he was the victim of an illegal scheme of bribery and corruption in the Courts of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida.[1]

---

1. Although the Court generally construes the    pleadings of a *pro se* litigant liberally, *see*

Plaintiff's four-count Amended Complaint contains claims for violation of Civil Rights under 42 U.S.C. § 1983 (Count I), Destruction of Evidence (Count II), Fraud in the Inducement (Count III) and an Independent Action for Fraud Upon the Court (Count IV).

All Defendants have moved to dismiss Plaintiff's Amended Complaint. The allegations in the Amended Complaint as they relate to these Defendants are intertwined with several of Plaintiff's prior lawsuits, making the facts and claims exceedingly difficult to decipher. Nonetheless, the Court has attempted to understand Plaintiff's claims and, towards that end, held a hearing on July 25, 2001. Having now carefully considered the arguments presented by the parties, both during the hearing and in court filings, the Court finds that Count I relates to a currently pending state court case, and should be stayed for a period of six months. The Court also finds that dismissal is appropriate with respect to Counts II and III for failure to state a claim, and Count IV for lack of subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine.

The Defendants in this case include two law firms and three individual lawyers practicing in those firms—the Law Firm of Gibbons, Smith, Cohn & Arnett, P.A., Kirk Gibbons and Eliott Good (collectively referred to as "the Gibbons Law Firm Defendants") and the Law Firm of Hicks, Anderson & Blum, P.A. and Mark Hicks (collectively referred to as "the Hicks Law Firm Defendants")—and Travelers Indemnity Company ("Travelers").[2] Plaintiff's allegations relate to separate and seeming-ly unrelated incidents: (1) Plaintiff's traffic accidents in 1989, 1991 and 1992, for which Travelers provided uninsured/under-insured motorist coverage, and (2) Plaintiff's involvement as a defendant in the Family Television Litigation, for which Travelers was allegedly obligated to provide him with a defense. (Amended Complaint, ¶ 2).

Travelers' involvement in the current litigation appears to stem from providing Plaintiff with insurance coverage in the underlying lawsuits. The law firm defendants were also involved in Plaintiff's underlying litigation. The Gibbons Law Firm Defendants were retained by Travelers to serve as Plaintiff's counsel in the Family Television Litigation and the Hicks Law Firm Defendants were retained as appellate counsel.

The Motions currently before the Court include the following: (1) the Gibbons Law Firm Defendant's Motion to Dismiss Amended Complaint with Prejudice, Motion to Strike, Motion for Attorney Fees and Costs (Dkt.# 21); (2) the Hicks Law Firm Defendant's Motion to Dismiss Amended Complaint with Prejudice, Motion to Strike, Motion for Attorney Fees and Costs (Dkt.# 32); (3) Travelers' Motion to Dismiss with Prejudice, or in the Alternative, Motion for Summary Judgment; Motion to Strike; Motion for Attorney Fees; Motion for Injunction (Dkt.# 33); (4) The Gibbons Law Firm Defendant's Motion for Injunctive Relief and for Attorney Fees and Costs (Dkt.# 44); and (5) Travelers' Motion for Rule II Sanctions and Injunctive Relief

*Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), because Plaintiff is a practicing attorney, the Court is not required to show him special leniency. *See McArdle v. Tronetti*, 961 F.2d 1083, 1089 (3d Cir.1992); *Edmond v. United States Postal Serv.*, 953 F.2d 1398, 1401 (D.C.Cir.1992).

**2.** Plaintiff dismissed former Defendant, Lee Gunn, IV, prior to filing his Amended Complaint. Since filing his Amended Complaint, Plaintiff has filed Notices of Voluntary Dismissal with respect to Defendants Richard Ake and the Law Firm of Bush, Ross, Gardner, Warren & Rudy, P.A.

(Dkt.# 50). Plaintiff has responded in opposition to each of Defendants' Motions to Dismiss (Dkt.## 25, 38 & 39), but has failed to respond to the Motions for Injunctive Relief and Rule 11 Sanctions.

The sum and substance of these motions is as follows:

### 1. *The Gibbons Law Firm Defendants*

The Gibbons Law Firm Defendants have filed a Motion to Dismiss, Motion to Strike and Motion for Attorney Fees and Costs. To support their Motion to Dismiss, the Gibbons Law Firm Defendants claim that (a) Plaintiff's count for violation of § 1983 is insufficient because the "color of state law" requirement is not met and Plaintiff has failed to allege that any constitutional right has been violated; (b) Plaintiff has failed to allege that the Gibbons Law Firm Defendants owed a legal duty to retain the documents alleged to have been destroyed in Plaintiff's count for destruction of evidence; (c) Plaintiff's claim for fraud in the inducement is not pled with particularity, as required by Fed.R.Civ.P. 9(b); (d) the Gibbons Law Firm Defendants were not involved in the federal proceedings to which Plaintiff's Fraud Upon the Court claim relate; and (e) Plaintiff's claims are barred by the statute of limitations.

The Gibbons Law Firm Defendants have also filed a Motion for Injunctive Relief and Attorney Fees. This Motion requests the Court to enter a vexatious litigant order against Plaintiff which would preclude him filing future lawsuits or pleadings relating to the allegations made in the Amended Complaint without first certifying that his claims are brought in good faith, are not frivolous, are factually sup-

ported, and are not related to the same issues and claims he has already made.

### 2. *The Hicks Law Firm Defendants*

The Hicks Law Firm Defendants have filed a Motion to Dismiss, Motion to Strike and Motion for Attorney Fees and Costs that primarily makes the same arguments as those made by the Gibbons Law Firm Defendants. As an additional ground for dismissal, the Hicks Law Firm Defendants also maintain that the Court lacks subject matter jurisdiction pursuant to the *Rooker–Feldman* doctrine.[3]

### 3. *Travelers*

Travelers' Motion to Dismiss argues that all of Plaintiff's claims are barred by res judicata and collateral estoppel. Travelers also asserts that Plaintiff's claim for fraudulent inducement is barred by the prior release given by Plaintiff to Travelers.[4] Finally, Travelers seeks an injunction to prevent Plaintiff from filing any pleadings against Travelers until Plaintiff pays Travelers all outstanding sanctions and fees owed to Travelers and until Plaintiff's pleadings have been reviewed by a Magistrate Judge.

### DISCUSSION

As indicated *supra*, the Defendants have made many arguments to support dismissal of Plaintiff's claims. The Court will address these arguments as they relate to the counts in Plaintiff's Amended Complaint.

### Count I—Violation of the Civil Rights Act

■ Count I is brought against all Defendants pursuant to 42 U.S.C. § 1983 and

---

**3.** The Hicks Law Firm Defendants' Motion to Dismiss adopts the arguments made by prior Defendant Lee Gunn, IV, and the Gibbons Law Firm Defendants in their Motions to Dismiss.

**4.** Travelers also adopts the arguments made by the other Defendant in this action to support its motion to dismiss.

includes scathing allegations of corruption and bribery in the Circuit Court in and for Hillsborough County Florida. Plaintiff alleges that the Defendants conspired with former Defendant Lee D. Gunn, IV, and Circuit Court Judge Gaspar Ficarrotta to fix the outcome of Plaintiff's prior litigation. According to Plaintiff, the illegal scheme, which included developing what Plaintiff refers to as the "Crazy Nigger Theory" as a defense to the Family Television Litigation, resulted in portraying Plaintiff "as a racist suffering from mental delusions of persecution and mistreatment." (Amended Complaint, ¶ 31). Plaintiff claims that the corruption and bribery resulted in Plaintiff obtaining unfavorable rulings from judges in the Thirteenth Judicial Circuit—effectively denying him access to courts.

The factual allegations that support Count I involve the common nucleus of operative facts that give rise to Plaintiff's claim in Count IV for fraud upon the court. At the present time, Plaintiff has two separate claims for fraud upon the court pending in different venues—here, in Court IV of the Amended Complaint, and in case number 00–9054, which is currently pending in state circuit court in Hillsborough County, Florida. As discussed *infra*, this Court lacks jurisdiction to consider Plaintiff's claim for fraud upon the court pursuant to the *Rooker–Feldman* doctrine. However, because Plaintiff's state court case is pending elsewhere and involves determination of the same facts and central issues as Count I, the Court finds that in the interest of judicial economy, the Court will defer making any determinations concerning Count I of the Amended Complaint for six months. At the conclusion of the six month period, the Court will reassess the propriety of the stay, and permit the parties to submit briefs on whether a stay is still appropriate.

### Count II—Destruction of Evidence

■ Count II is a claim for destruction of evidence brought against the Gibbons Law Firm Defendants and the Hicks Law Firm Defendants for allegedly destroying or concealing the trial transcript, and other documents from the Family Television Litigation files. Both sets of Defendants seek to dismiss this claim arguing that Plaintiff has failed to adequately plead a claim for destruction of evidence. In response, Plaintiff "confesses that this claim must be amended to allege all necessary elements of the cause of action." *See* docket # 25, p. 9.

■ The Court agrees that Count II must be re-pled in order to sufficiently state a claim. Under Florida law, the elements of a cause of action for negligent destruction of evidence are: (1) existence of a potential civil action; (2) a legal or contractual duty to preserve evidence which is relevant to the potential civil action; (3) destruction of that evidence; (4) significant impairment in the ability to prove the lawsuit; (5) a causal relationship between the evidence destruction and the inability to prove the lawsuit; and (6) damages. *Continental Ins. Co. v. Herman,* 576 So.2d 313, 315 (Fla. 3d DCA 1990). None of these elements, other than the third element, have been alleged in this case. Accordingly, dismissal is appropriate as to Count II.

From the allegations made thus far in this proceeding, it appears highly unlikely that Plaintiff will be able to adequately plead a claim for destruction of evidence against these Defendants. Although the Court will permit Plaintiff the opportunity to re-plead Count II, the Court cautions Plaintiff of his obligations under Rule 11, Fed.R.Civ.P., when making factual allegations to support this claim. The Court notes that during oral argument, Plaintiff could not recall the reason he was unable

to obtain the transcript from the Family Television Litigation—which hardly supports a claim for destruction of evidence.

### Count III—Fraudulent Inducement

■ Count III of Plaintiff's Amended Complaint alleges Fraud in the Inducement. All Defendants have moved to dismiss this claim. The Gibbons Law Firm Defendants and the Hicks Law Firm Defendants claim dismissal is appropriate because Plaintiff has failed to plead his allegations of fraud with particularity, as required by Fed.R.Civ.P.9(b). These Defendants also argue that Plaintiff has failed to allege what he was induced to perform.

■■ Having reviewed Plaintiff's allegations, the Court agrees that this claim is subject to dismissal. The elements necessary to state a cause of action for fraud in the inducement are: (1) a false statement concerning a material fact; (2) knowledge by the person making the statement that the representation is false; (3) intent by the person making the statement that the representation will induce another to act upon it; and (4) reliance on the representation to the injury of the other party. *Mettler, Inc. v. Ellen Tracy, Inc.,* 648 So.2d 253, 255 (Fla. 2d DCA 1994), *citing C & J Sapp Pub. Co. v. Tandy Corp.,* 585 So.2d 290, 292 (Fla. 2d DCA 1991). A claim for fraud in the inducement must be pled with particularity, as required by Rule 9(b), Fed.R.Civ.P. *Federal Deposit Ins. Corp. v. Fireman's Fund Ins. Co.,* 271 F.Supp. 689, 690 (S.D.Fla.1967).

Here, Plaintiff has failed to allege what act he was induced to perform or that whatever he was induced to do resulted in injury to him. Accordingly, Count III must be dismissed for failure to state a claim.

■■ Travelers moves to dismiss this claim as well on different grounds. Travelers argues that Count III it is barred by res judicata because it arises out of the same operative facts as case number 95–1488–CIV–T–26B, Middle District of Florida. Res judicata bars a subsequent action if: (1) the prior decision was rendered by a court of competent jurisdiction; (2) there was a final judgment on the merits; (3) the parties were identical in both suits; (4) the prior and present causes of action are the same. *Jang v. United Technologies Corp.,* 206 F.3d 1147 (11th Cir.2000).

Having reviewed the Amended Complaint and submissions by the parties, the Court cannot determine whether Plaintiff's Fraud in the Inducement claim was presented during the prior proceeding. Accordingly, the Court cannot dismiss Count III on res judicata grounds at this juncture.

### Count IV—Independent Action for Fraud Upon the Court

■ Count IV is an Independent Action for Fraud Upon the Court, in which Plaintiff seeks to have the Court declare invalid federal court judgments entered in case number 96–146–CIV–T–24B and case number 95–1488–CIV–T–26B. Prior to considering the substance of Defendants' arguments, the Court must first determine whether it has subject matter jurisdiction over this claim. The Hicks Law Firm Defendants have challenged this Court's jurisdiction under the *Rooker–Feldman* doctrine. In addition, former Defendant Lee Gunn, IV, filed a motion on these same grounds, which has been adopted by the Hicks Law Firm and Travelers. *See supra,* notes 3 & 4.

■ Challenges to a court's subject matter jurisdiction are brought pursuant to Fed.R.Civ.P. 12(b)(1). Such motions are based on either facial or factual attacks on jurisdiction. In this case, Defendants mount a factual attack on jurisdiction. Factual attacks "challenge the existence of subject matter jurisdiction in fact, irre-

spective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *McMaster v. United States*, 177 F.3d 936, 940 (11th Cir.1999), citing *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir.1990)(per curiam). Once a factual attack has been made, "no presumptive truthfulness attaches to plaintiff's allegations, and the evidence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdiction claims." *Id.See also Williamson v. Tucker*, 645 F.2d 404, 412–13 (5th Cir.1981)(jurisdictional issues are for the court—not a jury—to decide, whether they hinge on legal or factual determinations).[5]

Having reviewed the record in this case, the Court finds that Plaintiff's allegations in Count IV do not withstand Defendants' factual attack on subject matter jurisdiction. The allegations in Plaintiff's Amended Complaint overlap—not only with each other, but with claims Plaintiff has already raised in this Court and other courts. Because Count IV, if successful, would require the Court to declare void prior state court decisions, the Court finds that the *Rooker–Feldman* doctrine bars the Court from exercising jurisdiction over this claim.

Count IV of Plaintiff's Amended Complaint is brought as an independent action for fraud upon the court. This claim is grounded in Plaintiff's belief that the judgments entered by United States District Court Judge Richard Lazarra in case number 96–146–CIV–T–24B and 95–1488–CIV–T–26B,[6] were based on an erroneous state court decision made by Circuit Court Judge Gaspar Ficarrotta in case number 95–7038. During oral argument, Plaintiff acknowledged that to prevail on Count IV, the Court would need to declare the underlying state court judgment void, which would involve determining whether the outcome of the state litigation was proper.[7] Under the *Rooker–Feldman* doctrine, the Court is powerless to grant Plaintiff the relief he seeks.

▮▮▮ The *Rooker–Feldman* doctrine [8] provides that "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *Powell v. Powell*, 80 F.3d 464, 466 (11th Cir.1996). The doctrine is not limited to state appellate court judgments. "A litigant may not escape application of the doctrine by merely electing not to appeal an adverse state trial court judgment." *Id.*, at 467. *Rooker–Feldman* is "grounded on federalism, comity and the premise that state courts are not inferior to federal courts." *In re Glass*, 240 B.R.

---

**5.** The Eleventh Circuit adopted the case law of the former Fifth Circuit handed down as of September 30, 1981, in *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

**6.** These two cases were consolidated by Judge Lazarra—with Case Number 95–1488–CIV–T–26B, serving as the lead case. (*See Id.*, docket # 56).

**7.** More specifically, Plaintiff conceded the following during oral argument:

"... to get the decisions on the order the court overturned here, I must get the state court judgment overturned so that I can come in and say that was a fraudulent judgment; therefore, any orders entered by this court upon the fraudulent judgment are void."

"In this court, Your Honor, I can admit that my only way of relief is if the state court judgments are invalid. That's my only course of relief."

**8.** The *Rooker–Feldman* doctrine is based on two cases decided sixty years apart, *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).

782, 785 (Bankr.M.D.Fla.1999). Accordingly, the doctrine precludes a federal action if the relief requested would effectively reverse the state court decision or void its ruling. *Id.*

■ *Rooker–Feldman* applies not only to claims actually raised in the state court, but also to claims that were not raised in the state court but are "inextricably intertwined" with the state court's judgment. *Powell,* 80 F.3d at 466. "The crucial question in determining the applicability of *Rooker–Feldman* is whether the relief requested of the federal court would effectively reverse or void the state court's ruling." *Bosdorf v. Beach,* 79 F.Supp.2d 1337, 1339 (S.D.Fla.1999). "Like res judicata and collateral estoppel, the *Rooker–Feldman* doctrine is intended to ensure that litigants do not take multiple bites from the same apple." *Id.,* citing *Bryant v. Sylvester,* 1995 WL 265303, *3 (3rd Cir. 1995).

Here, Plaintiff is effectively asking the Court to invalidate the state court judgment and the *Rooker–Feldman* doctrine is therefore directly applicable. Plaintiff even concedes that he is seeking to have this Court declare the final judgment entered by the state court void. It is irrelevant that the Plaintiff has couched his claim as one challenging the two judgments entered in the Middle District of Florida. It appears that Plaintiff is inappropriately piggy-backing his attack on the state court judgment with challenges to the federal court judgments in an attempt to avoid the harsh implications of the *Rooker–Feldman* doctrine, of which the Plaintiff is certainly aware. *See Tindall v. The Florida Bar,* 1997 WL 689636 (M.D.Fla.1997), *aff'd,* 163 F.3d 1358 (11th Cir.1998)(dismissing plaintiff's claims based on the *Rooker–Feldman* doctrine); *Tindall v. House Stewart,* No. 96–2057 (M.D. Fla. filed September 11, 1997)(same). Count IV is therefore dismissed for lack of subject matter jurisdiction.

The Court notes that its finding on the *Rooker–Feldman* doctrine does not necessarily leave Plaintiff without a remedy. Any relief Plaintiff seeks must come from the Court that entered the underlying judgment. Plaintiff, being an active practicing lawyer, is apparently aware of the proper avenue for redress since he previously filed a claim in the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, seeking the identical relief.

### Statute of Limitations

The Gibbons Law Firm Defendants and the Hicks Law Firm Defendants also argue that dismissal is appropriate because Plaintiff's claims are barred by the applicable statutes of limitations. Having reviewed the Amended Complaint, the Court cannot determine from the allegations whether Plaintiff's claims are time-barred. Accordingly, the Court finds that Plaintiff's claims are not subject to dismissal at this stage in the proceeding on statute of limitations grounds.

### Motions for Injunctive Relief and Rule 11 Sanctions

Finally, the Gibbons Law Firm Defendants and Travelers have filed motions seeking injunctive relief and Rule 11 sanctions against Plaintiff. All Defendants repeatedly suggest that Plaintiff's claims are frivolous, vexatious, and filed in bad faith. In this regard, the Court notes that sanctions have been imposed on Plaintiff in the past for filing unsubstantiated claims.

The Court admonishes Plaintiff to take seriously his obligations under Rule 11, Fed.R.Civ.P., and to voluntarily dismiss all claims that are not well grounded in fact and law. The Amended Complaint brings serious charges concerning corruption and bribery. Each of the Defendants in this case is entitled to the protections of Rule

**1301**

11 in the event Plaintiff's claims are baseless. Thus, although the Court declines to award Rule 11 sanctions at this time, this ruling is without prejudice to Defendants. In the event Plaintiff cannot support the claims he has made in this proceeding, the Court will award appropriate sanctions, including the entry of a vexatious litigant order against Plaintiff.

Accordingly, it is hereby

ORDERED and ADJUDGED that:

1.  The Gibbons Law Firm Defendant's Motion to Dismiss Amended Complaint with Prejudice, Motion to Strike, Motion for Attorney Fees and Costs (Dkt.# 21/1–3) is GRANTED in part and DENIED in part, as set forth above.

2.  The Hicks Law Firm Defendant's Motion to Dismiss Amended Complaint with Prejudice, Motion to Strike, Motion for Attorney Fees and Costs (Dkt.# 32/1–3) is GRANTED in part and DENIED in part, as set forth above.

3.  Travelers' Motion to Dismiss with Prejudice, or in the Alternative, Motion for Summary Judgment; Motion to Strike; Motion for Attorney Fees; Motion for Injunction (Dkt.# 33/1–5) is GRANTED in part and DENIED in part, as set forth above.

4.  Tindall's Request to take Judicial Notice of Public Records (Dkt.# 41) is DENIED without prejudice.

5.  The Gibbons Law Firm Defendant's Motion for Injunctive Relief and Attorney Fees and Costs (Dkt.# 44/1–2) is DENIED without prejudice.

6.  Traveler's Motion for Rule 11 Sanctions and Injunctive Relief (Dkt.# 50/1–2) is DENIED without prejudice.