**In re WRIGHT AIRLINES, INC., Debtor.**

**Richard A. BAUMGART, Trustee, Plaintiff,**

v.

**The HUNTINGTON NATIONAL BANK, Defendant.**

**Bankruptcy No. B 84–02493.**

**Adv. No. B 87–368.**

United States Bankruptcy Court, N.D. Ohio, E.D.

Sept. 29, 1988.

■

776

Richard A. Baumgart, Dettelbach & Sicherman Co., L.P.A., Cleveland, Ohio, pro se.

Lee D. Powar, Hahn Loeser & Parks, Cleveland, Ohio, for defendant.

## MEMORANDUM OF OPINION AND ORDER

RANDOLPH BAXTER, Bankruptcy Judge.

Huntington National Bank (The Bank), a party defendant to the above-styled adversary proceeding, seeks a dismissal of Count IV of the Trustee's Complaint to recover postpetition and preferential transfers, for claim subordination, and other relief. Upon a pretrial hearing and an examination of the submitted pleadings, the following constitutes the Court's findings and conclusions pursuant to Rule 7052, Bankr.R.:

Jurisdiction is conferred under 28 U.S.C. §§ 157, 1334, and General Order No. 84 of this District. Herein, Richard A. Baumgart (Trustee) filed a multiple-count Complaint to recover postpetition and preferential transfers, for subordination of a claim, and for other relief. Herein, The Bank seeks the dismissal of Count IV, which concerns the Trustee's prayer for subordination of the Bank's claim. Therein, the Trustee alleges, *inter alia*, that The Bank, "after having verbally agreed and committed to certain financial arrangements, including continued or additional lines of credit for working capital, refused to extend or continue such credit at a crucial time immediately prior to the Debtor's obtaining public funds of approximately $8,000,000.00." The Trustee further alleged that those refusals occurred at a critical point in time regarding the Debtor's public offering and constituted inequitable and bad faith conduct. As a result of The Bank's alleged misconduct, the Trustee alleges that both the Debtor and its creditors were damaged in amounts to be later ascertained. As redress, the Trustee seeks a subordination of The Bank's claims against the Debtor and a return of any funds which have benefitted The Bank.

In its motion to dismiss Count IV, The Bank avers that the Trustee has failed to state a claim upon which relief can be granted. Specifically, The Bank states that the Complaint fails to state a basis for equitable subordination. It further contends that the Trustee is without the requisite standing to pursue a recovery against it for damages allegedly suffered by unsecured creditors.

The present ruling is limited to the propriety of Count IV. In view of the aforementioned contentions, a review of Rule 7008, Bankr.R. and Rule 8, Fed.R.Civ.P., reveals the following:

Rule 8. General Rules of Pleading
    (a) Claims for Relief. A pleading which sets forth a claim for relief ... shall contain ... (2) a short and plain

statement of the claim showing that the pleader is entitled to relief.... Rule 8(a)(2), Fed.R.Civ.P.

(e) Pleading To Be Concise and Direct; Consistency.

(1) Each averment of a pleading shall be simple, concise, and direct. No technical forms of pleadings or motions are required. Rule 8(e), Fed.R. Civ.P.

■ Applying the above requirements of Rule 8 to the present situation, the language of Count IV of the Complaint fully comports with the provisions of Rule 8. Any further development of Count IV's allegations can be properly addressed in subsequent pleadings or at further hearings or a trial upon the general Complaint. Within the context of the Complaint allegation (Count IV), it is not necessary for the complainant to establish elements of equitable subordination. Otherwise, The Bank has cited no persuasive authority to support its contention that a substantial factual basis must be pled within the context of a complaint allegation. (*See,* Motion To Dismiss, p. 4.) Further, The Bank has made no request for a more definite statement, if warranted, as is allowed under Rule 12(e), Fed.R.Civ.P. (*See, Cottman Transmission Systems, Inc. v. Dubinsky,* 95 F.R.D. 351, 352 (E.D.Penn.1982).

The Bank characterizes the language of Count IV as an action grounded on fraud which must be particularly pled pursuant to Rule 7009, Bankr.R. and Rule 9, Fed.R. Civ.P. Literally, the language of Count IV is silent regarding any allegation of fraud. The Trustee's brief in opposition to The Bank's motion for dismissal specifically denies that its claim of inequitable conduct in Count IV is premised on fraud. (*See,* Trustee's Brief, p. 10). The Court will not infer allegations which are not specifically pled and contained in the complaint allegations. Thusly, The Bank's contention that the requirements of Rule 7009(b); Rule 9(b), Fed.R.Civ.P. are applicable is without merit.

■ The Bank further contends that the Plaintiff Trustee lacks the requisite standing to pursue a recovery for damages under Count IV. In Complaint Para. No. 26, Count IV, the Trustee alleges that as a result of The Bank's conduct, "both the Debtor and its creditors have been damaged...." To the extent that the Trustee seeks a recovery on behalf of the Debtor's estate, he is certainly entitled to do so under provisions of § 704 of the Bankruptcy Code, and dismissal on that basis is unwarranted. The Code is silent, however, to indicate any authorization for the Trustee to represent the interests of other entities, except as is allowed under his avoidance powers enunciated under the Code. There exists no independent authority for the Trustee to seek a recovery of damages for parties other than the Debtor's estate.

## CONCLUSION

The Bank has failed to demonstrate a sufficient basis for dismissal of Count IV.

Accordingly, the motion to dismiss is hereby denied.

IT IS SO ORDERED.