**FINANCIAL TRUST COMPANY, INC. and**
**JEFFREY E. EPSTEIN, Plaintiffs**
**v.**
**CITIBANK, N.A. and CITIGROUP, INC.**
**d/b/a "CITIGROUP," Defendants**
**FINANCIAL TRUST CO. v. CITIBANK, N.A.**

Civ. No. 2002-108

District Court of the Virgin Islands

Division of St. Thomas and St. John

December 30, 2004

MARIA TANKENSON HODGE, ESQ., Hodge & Francois, St. Thomas, U.S.V.I., *For the plaintiffs*.

GREGORY H. HODGES, ESQ., Dudley, Topper and Feuerzeig, LLP, St. Thomas, U.S.V.I., *For the defendants*.

MOORE, *District Judge*

## MEMORANDUM OPINION

(December 30, 2004)

Defendants have moved to dismiss the second amended complaint for failure to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading requirement for fraud and for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### I. Factual and Procedural History

In their second amended complaint, Jeffrey E. Epstein and Financial Trust Company, Inc. ["FTC"] allege that Citibank, N.A. and Citigroup, Inc. [collectively "Citibank"] misrepresented facts and fraudulently

induced them to borrow $10 million to invest in a venture managed by AIG Global Investment Corporation ["AIG"] and anther $10 million to invest in a venture managed by Mass Mutual. The plaintiffs allege that the defendants failed to disclose information and negligently and fraudulently misrepresented facts concerning their relationship with AIG, that the plaintiffs detrimentally relied on these misrepresentations and omission, and that the defendants breached their fiduciary duty to the plaintiffs. The plaintiffs seek rescission of the promissory notes and punitive damages.

Previously, I ruled that this court has personal jurisdiction over Citibank and Citigroup, venue in this court is proper under 28 U.S.C. § 1391(a), this case need not be transferred to New York, the amended complaint adequately states claims upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6) for the breach of fiduciary duty and negligent misrepresentation claims, and counts I, II, III and VI of the first amended complaint failed to meet Federal Rule of Civil Procedure 9(b)'s heightened pleading standard. I did, however, grant the plaintiffs leave to amend the complaint. *Financial Trust Co. v. Citibank*, 268 F. Supp. 2d 561 (D.V.I. 2003).

## II. LEGAL ANALYSIS

### A. Federal Rule of Civil Procedure 9(b)

In order to state a viable fraud claim, Rule 9(b) requires a plaintiff to plead (1) a specific false representation or omission of material fact; (2) knowledge by the person who made it of its falsity; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damages." *In re Rockefeller Ctr. Props. Secs. Litig.*, 311 F.3d 198, 215 (3d Cir. 2002). Courts should apply Rule 9(b) with some flexibility and should not require plaintiffs to plead issues that may have been concealed by the defendants. *Rolo v. City Investing Co. Liquidating Trust*, 155 F.3d 644 (3d Cir. 1998). Although the rule does not require a recitation of "every material detail" of the alleged fraud, it does require "that plaintiffs support their allegations of fraud with all of the essential factual background that would accompany 'the first paragraph of any newspaper story'—that is the 'who, what, when, where and how' of the events at issue." *In re Rockefeller Ctr. Props., Inc.*, 311 F.3d at 217 (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, at

1422). However, the Third Circuit Court of Appeals has held that the "requirements of Rule 9(b) may be satisfied if the complaint describes the circumstances of the alleged fraud with 'precise allegations of date, time or place' or by using some means of 'injecting precision and some means of substantiation into their allegations of fraud.'" *Bd. of Trs. v. Foodtown, Inc.*, 296 F.3d 164, 173 n.10 (3d Cir. 2002) (internal citations omitted).

Plaintiffs allege that false statements or statements where material facts were omitted were made pursuant to a course of conduct to fraudulently induce plaintiffs into a series of investments and related loans. Plaintiffs allege that Citibank's actions did not conform to the representations in the statements, that defendants were acting in plaintiffs' best interests. For example, it is alleged that in conversations between April 29, 1999 and May 2, 1999, Dayle Davison, a Vice President of Citibank in the Private Banking Division, called Epstein to introduce him to an "exceptional investment opportunity." (Compl. ¶ 13.) In follow-up telephone conversations during that same two week period, Davison and her associates made additional specific representations about the AIG Investment, without disclosing Citibank and AIG's relationship. Davison also during that period represented that Citibank had "done their due diligence" and would remain actively involved in the deal. (Compl. ¶ 14.) In August 2001, in an effort to dissuade Epstein from seeking to remove AIG as the manager of the AIG Investment, John Purcell, a Citibank representative, told Jeffrey Schantz, a lawyer for Epstein, that Citibank was acting in Epstein's interests and that Epstein should trust Citibank rather than talk about actions which would run counter to Citibank's undisclosed interests. (Compl. ¶ 37.) These facts all allege that defendants failed to state or disclose "additional or qualifying information regarding" their relationship with AIG.

These specific facts are enough to plead fraud with the particularity required by Rule 9(b). The plaintiffs have alleged that Davison, Epstein's primary contact at Citibank, made specific false representation and omissions of material facts of the relationship between AIG and Citibank in April and May of 1999. The complaint has also alleged that Davison, and others at Citibank, knew of the relationship between Citibank and AIG and that they knew Epstein was unaware of this relationship. Finally, as I had previously ruled, the

438

complaint also alleges that Epstein acted upon this information and but for Citibank's actions he would not have been injured.

The basic purpose of Rule 9(b) has been fulfilled—plaintiff has alleged enough information, including specific names and dates, to put Citibank on notice of the fraudulent actions it has alleged to have committed. Moreover, since some of the misrepresentations were alleged to be omissions, Rule 9 does not require specification of time, place, and nature of misrepresentation for these statements; rather, it requires only that the plaintiff identify the facts not communicated. *See Golden Trade, S.R.L. v Jordache*, 143 F.R.D. 504 (S.D.N.Y. 1992); *Cottman Transmission Sys. Inc. v. Dubinsky*, 95 F.R.D. 351, 353 (E.D. Pa. 1982) ("Conduct which never occurred cannot be described with greater particularity other than to state that it did not occur.")

The information contained in the second amended complaint is enough for counts I, II, III, and VI to survive this motion to dismiss for failure to plead fraud with particularity pursuant to Federal Rule of Civil Procedure 9(b).

## B. Federal Rule of Civil Procedure 12(b)(6)

The defendants also argue that 12(b)(6) mandates dismissal of the complaint for failure to state a claim upon which relief can be granted. To the extent that plaintiffs are attempting to reargue their previous motion to dismiss, I reiterate my ruling that Virgin Islands law governs this case, that the complaint adequately alleges that the defendants' wrongful conduct caused the plaintiffs' loses, and that plaintiffs' claims of breach of fiduciary duty and negligent misrepresentation should not be dismissed. *Financial Trust Co.*, 268 F. Supp. 2d at 576. The only claims left to be decided are the fraud claims.

In order to state a claim for fraud, the plaintiff must prove "(1) a specific false representation of material fact; (2) knowledge by the person who made it that it was false; (3) ignorance of its falsity by the person to whom it was made; (4) the intention that it should be acted upon; and (5) that the plaintiff acted upon it to his damage.'" *Financial Trust Co.*, 268 F. Supp. 2d at 575 (quoting *Shapiro v. UJB Fin. Corp.*, 964 F.2d 272, 284 (3d Cir. 1992)).

The defendants base their argument that plaintiffs have failed to state a claim upon which relief can be granted for fraud on their allegation that the alleged omission of the relationship between AIG and defendants was

disclosed and thus the "bespeaks caution" doctrine applies to the case. Under this theory, when some risks are disclosed in documents, the documents "bespeak caution" to the investor and the investor cannot later premise a fraud claim on the events of which he has been warned. *Kline v. First W. Gov't Sec.*, 24 F.3d 480, 489 (3d Cir. 1994). The defendants' claim that the Preliminary Offering Circular [the "pitch book"], which was allegedly given to Epstein, disclosed ongoing business relationships between Citibank and AIG and should invoke the "bespeaks caution" doctrine.

I have previously ruled that whether the "pitch book" referenced in the amended complaint is the document that plaintiffs rely on is a disputed fact that precludes a Rule 12(b)(6) dismissal. *Financial Trust Co.*, 268 F. Supp. 2d at 572. Nothing in any of the briefs have convinced me that the parties do not dispute which pitch book Epstein received, what disclosures were made in any such pitch book, and whether those disclosures revealed the alleged conflict. As such, a ruling on the "bespeaks caution" doctrine *is not appropriate at this juncture in the case* because it involves deciding issues of disputed fact.

█ Plaintiffs have alleged all necessary elements of fraud. They have alleged that defendants intentionally misrepresented material facts, through omissions and statements assuring the plaintiffs that they were acting in Epstein's personal best interest. They have also alleged that the person who made these misrepresentations, Davison, knew of the relationship between AIG and Citibank and that Epstein and FTC did not know of this relationship. Finally, plaintiffs have also alleged that "but for" defendants misleading statements and omissions, plaintiff would not have proceeded with their loan and investment programs and would not have suffered these damages. Plaintiffs have thus alleged enough information to survive a Rule 12(b)(6) motion on their fraud claims.

## C. The Mass Mutual Investment Claims

Although it is unclear from the second amended complaint which counts concern the Mass Mutual Fund, it is clear that at least some of the causes of actions allege that Citibank defrauded Epstein in relation to his loans and investment in the Mass Mutual Fund. Separately, defendants argue that the court should dismiss the claims alleging fraud relating to the Mass Mutual Fund for failure to plead fraud specifically under Rule 9(b) and failure to state a claim upon which relief can be granted under

440

Rule 12(b)(6). The plaintiff's basic allegation is that "because of Defendants' false assurances and omissions of true statements concerning their relationship with AIG and the AIG Investment, Plaintiffs made the investment in the Mass Mutual Fund and suffered significant losses." (Compl. ¶ 65.)

Defendants essentially argue that plaintiff's loans and investment in the AIG and Mass Mutual funds should be viewed as two separate transactions. This view, however, belies the alleged conduct of Citibank. The underlying conduct alleged in the second amended complaint is that Citibank fraudulently induced plaintiffs into believing they had a preferred relationship with Citibank where Citibank was acting in Epstein's best interest in all of their transactions, including investing in the AIG and the Mass Mutual funds. Essentially, plaintiffs argue they were induced into a high stakes relationship with Citibank based on fraudulent statements and omissions, and but for these statements, they would not have enjoyed the type of relationship with Citibank to be in the position either for Citibank to present them an offer to loan them large sums of money to invest in the Mass Mutual fund or for plaintiff's to trust Citibank's investment advice. I believe that whether the underlying complained about conduct was two separate transactions or whether the conduct should be viewed as Citibank's relationship as a whole with Epstein is a matter of fact that goes to the issue of damages and is not appropriate for a Rule 12(b)(6) motion.[1] Therefore, I rule that the fraud claims should not be separated into two different types—AIG and Mass Mutual—and thus my previous analysis of the applicability of Rule 9(b) and Rule 12(b)(6) apply equally to all claims for damages alleged to occur because of Epstein's investments in the AIG and Mass Mutual funds.

## III. CONCLUSION

For the foregoing reasons, I will deny defendants' motion to dismiss.

---

[1] This opinion is supported by the structure of the second amended complaint which does not differentiate the counts between the Mass Mutual and AIG funds as defendant attempts to do.