**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

No. 18-1512

———————————

FIRST BANK PUERTO RICO

v.

PHYLLIS MISITE,

Appellant

———————————

Appeal from the District Court
of the Virgin Islands
(D.C. No. 3-17-cv-00009)
District Judge: Honorable Curtis V. Gomez

———————————

Argued May 20, 2020

———————————

Before: GREENAWAY, JR., PHIPPS, and FUENTES, *Circuit Judges*.

(Filed: June 12, 2020)

Phyllis Misite [ARGUED]
220 Newport Road
Hull, MA 02045
            *Pro Se Appellant*

Carol A. Rich [ARGUED]
Malorie R. Winne Diaz
Dudley Rich
5194 Dronningens Gade
Suite 3

St. Thomas, VI 00802
    *Attorneys for Appellee*

_____

OPINION[*]

_____

GREENAWAY, JR., *Circuit Judge*.

Appellee First Bank Puerto Rico ("FirstBank") sued Appellant Phyllis Misite for failing to make payments under a Construction Mortgage Loan Agreement. The District Court granted FirstBank's summary judgment motion and denied both Misite's motion to file counterclaims and her motion for reconsideration of the summary judgment ruling. Misite filed a Notice of Appeal challenging only the District Court's order granting summary judgment for FirstBank. Under the merger rule, however, the order denying the motion to file counterclaims merges with the final judgment in the case.[1] Accordingly, for the following reasons, we will affirm both the order denying Misite's motion to file counterclaims and the order granting FirstBank's motion for summary judgment.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] In her opening brief, Misite also purports to appeal the District Court's order denying her motion for reconsideration. Because Misite did not timely file a new or amended notice of appeal encompassing that order, we lack jurisdiction to review it. *See* Fed. R. App. P. 4(a)(4)(B)(ii); *Carrascosa v. McGuire*, 520 F.3d 249, 253–54 (3d Cir. 2008).

2

## I.      Background

### 1.      The Refinancing Agreement and Mortgage

In December 2008, Misite took out a loan with FirstBank to finance the construction of a house on a parcel of land she owned. **Supp. App. 403.** She refinanced the loan on two occasions, and the latest such agreement (the "Refinancing Agreement") closed in June of 2014. *Id.* Under the Refinancing Agreement, FirstBank agreed to replace Misite's existing loan with a construction mortgage loan of up to $1,000,000. **Supp. App. 117–18.** Misite, in turn, executed a Promissory Note (the "Note") by which she agreed to pay the principal $1,000,000 together with interest at a rate of 4% per annum for the first five years and thereafter at a rate of 5.25% for the remaining 25 years. **Supp. App. 118.** Payments were to commence on August 1, 2014, but the Note granted Misite a six-month deferment of payments of principal and interest from the date of issuance of a certificate of occupancy, provided that construction was completed within nine months of execution of the Note. *Id.* As security for this loan, Misite executed a Construction Security Interest First Priority Mortgage (the "Construction Mortgage Loan Agreement") in favor of FirstBank over the mortgaged property. *Id.*

As the District Court notes, Misite insists that "she was forced to enter into these agreements due to difficult financial circumstances . . . caused by fraudulent misrepresentations by FirstBank." Supp. App. 403 n.3. Misite failed to complete construction within the nine-month time frame, but FirstBank agreed to extend the

payment deadline through August of 2015.  **Supp. App. 118.**  On September 21, 2015,

Misite and FirstBank agreed to amend the terms of the Refinancing Agreement and the

Note.  **Supp. App. 118–19.**  The amendment granted Misite a twelve-month deferment of

the payment of principal and interest from August 1, 2015 to July 1, 2016 (the

"Deferment Period").  **Supp. App. 119.**  Misite, however, was still required to begin

making monthly payments to escrow for taxes and insurance during the Deferment

Period.  *Id.*  In addition, Misite was required to make all principal, interest, and escrow

payments by August 1, 2016.  *Id.*  The amendment further provided that the deferred

interest would be due and payable at maturity or on July 1, 2044.  *Id.*  In exchange for

these favorable terms, Misite agreed that all claims and issues that had arisen, or that

could have arisen between the parties from the beginning of the lending relationship

through the date of execution of the amendment, were fully and irrevocably waived and

released.  *Id.***; Supp. App. 158-59.**

> ### 2.     Misite's Default

Misite, however, defaulted under the terms and conditions of the Note by failing to

make any of the escrow payments during the Deferment Period or to commence regular

monthly payments of principal, interest, and escrow once the extended Deferment Period

had lapsed.  **Supp. App. 120.**  FirstBank informed Misite that she was in default,

demanded payment, and informed her that failure to satisfy all previously due payments

immediately could result in foreclosure and sale of the property.  **Supp App. 125.**

Misite failed to cure her defaults, and FirstBank accelerated all amounts due under the agreements without further notice. **Supp. App. 126.** As of December 1, 2017, the amount due to FirstBank was $1,071,892.44. ***Id.***

### 3. Procedural History

On February 6, 2017, FirstBank filed a complaint for debt and foreclosure against Misite. **Supp. App. 239.** Appellant filed a purported answer through James K. Lawrence, her power of attorney. ***Id.*** On April 4, 2017, at the initial pretrial conference, Magistrate Judge Ruth Miller explained to Lawrence that because he was not a licensed attorney, he could not represent Misite in this case, which included signing and submitting any court filings. **App. 10.** Following that conference, the Court issued a trial management order that set, *inter alia*, the deadline to seek leave to amend pleadings for May 1, 2017, and the close of discovery for June 30, 2017. ***Id.***

After Misite failed to enter an appearance *pro se* or through counsel, FirstBank moved to strike the Answer filed by Lawrence, and then moved for default judgment against Misite. **District Ct. Dkt. 16, 19.** On July 13, 2017, the Court granted FirstBank's motion to strike, but denied its default judgment motion. **Supp. App. 71.** The Court also extended the deadline for Misite to respond to the complaint to July 24, 2017, and the deadline to commence mediation to August 15, 2017. ***Id.*** The Court's order expressly left in place all other deadlines set forth in the initial trial management order.

Despite the entrance of appearances by two separate attorneys, Misite again missed the filing deadlines set by the Court.  **App. 4.**  On August 1, 2017, FirstBank moved to extend the time to file dispositive motions from August 1, 2017, to August 22, 2017.  **Supp. App. 75.**  On August 22, 2017, while FirstBank's motion was still pending, Misite, through counsel, filed a motion to file an Answer to the complaint by August 25, 2017.  **Supp. App. 79–80.**  The Court granted that order, **District Ct. Dkt. 26**, and Misite filed an Answer on August 23, 2017, **Supp. App. 82.**  Her Answer did not assert any counterclaims.

Following Hurricane Irma, which struck the Virgin Islands on September 6, 2017, the District Court of the Virgin Islands issued a press release announcing that the Court would be closed until further notice.  **Supp. App. 286, 294.**  On October 2, 2017, Chief Judge Wilma Lewis issued an order (the "Continuance Order") continuing all matters scheduled before District Court judges between September 5 and October 29, 2017. **Supp. App. 295–96.**  On October 6, 2017, the District Court announced via press release that it would reopen on October 10, 2017.  **Supp. App. 297.**

On October 13, 2017, a third attorney entered an appearance for Misite. **Supp. App. 88–90.**  On October 24, 2017, Misite filed a motion seeking leave to file counterclaims and proposed counterclaims on the grounds that under Federal Rule of Civil Procedure 15(a)(1) she had the right to amend her pleading within 21 days of filing her Answer on August 23, 2017 and that the Continuance Order tolled the deadline for

6

her to file any such amended pleading.  **Supp. App. 91–107.**  FirstBank opposed the motion.  **Supp. App. 108–115.**  The Magistrate Judge issued a Report & Recommendation denying Misite's motion, which the District Court adopted, over Misite's timely objection, on February 15, 2018.  **Supp. App. 317–18.**  The District Court, however, indicated that it would issue a memorandum opinion setting forth reasons for its rulings at a later date.  **Supp. App. at 317 n.1.**

On December 20, 2017, FirstBank filed a motion for summary judgment with supporting documents.  **Supp. App. 117–86.**  Misite filed a motion pursuant to Federal Rule of Civil Procedure 56(d) to defer ruling on the summary judgment motion pending discovery, but the Magistrate Judge denied that motion on January 31, 2018.  **Supp. App. 187–203; Supp App. 259–64.**  On February 15, 2018, the same day that it adopted the Report & Recommendation denying Misite's motion to file counterclaims, the District Court also issued an order granting FirstBank's motion for summary judgment.  **Supp. App. 312–16.**  The District Court found Misite to be liable to FirstBank in the amount of $1,071.820.44 and that FirstBank's mortgage was foreclosed.  *Id.*  It furthered ordered that the property be sold and that the proceeds be used to satisfy Misite's debt to FirstBank.  *Id.*  The District Court explained that it would issue a memorandum opinion setting forth reasons for its decision at a later date.  **Supp. App. 312 n.1.**

Before the District Court issued its opinion on the motion for summary judgment, Misite filed an appeal with our Court and a motion for reconsideration with the District

7

Court.  **Supp. App. 319-41.**  FirstBank filed an opposition to the motion for reconsideration.  **Supp. App. 342-75.**  We stayed the appeal pending resolution of the motion for reconsideration.

On August 10, 2018, the District Court issued its Memorandum Opinion regarding denial of leave to file counterclaims.  **Supp. App. 387–401.**  The District Court held that even if Misite could have filed an amended pleading as of right under Rule 15(a)(1), that pleading was due on September 13, 2017.  **Supp App. 396.**  Accordingly, her deadline to file passed before the Continuance Order was issued.  The District Court also held that it would not grant her leave to amend under Rule 15(a)(2) because, *inter alia*, given the plethora of extensions granted in the case, she could not show good cause for her delay in filing counterclaims.  **Supp. App. 400–401.**

On August 17, 2018, the District Court issued its Memorandum Opinion setting forth reasons for granting FirstBank's summary judgment motion.  **Supp. App. 402–421.**  In finding no genuine dispute of material fact, the District Court explained that any disputed facts regarding representations that FirstBank made to Misite were not material because she had not presented evidence that her expenditure was reasonable, an essential element of her fraudulent inducement affirmative defense.  **Supp. App. 415–16.**  Nor, the District Court continued, had she cited to any facts in the record to support her contention either that FirstBank breached any of the agreements it entered into with her, **Supp. App. 417–18**, or that FirstBank's notice of acceleration was improper, **Supp. App. 420–21.**

8

On August 15, 2019, the District Court issued its Order denying the motion for reconsideration. **Supp App. 422–28.** The District Court first rejected all newly raised arguments that were available to Misite when she opposed the motion for summary judgment in the first instance. **Supp. App. 426.** The District Court then rejected Misite's argument that it should have considered the factual assertions in Misite's counterstatement of material facts because FirstBank failed to oppose those assertions. In so ruling, the District Court explained that it rejected Misite's fraudulent inducement affirmative defense because "the sparse factual record provided to the Court" did not allow it to conclude "that the expenditure of funds described in [Misite's] affidavit—which planed her in difficult economic circumstances—was reasonable in light of the representations made by FirstBank." Supp. App. 427. The evidence in the record was therefore insufficient to establish a necessary element of her fraudulent inducement defense. *Id.* Finally, the District Court rejected Misite's argument that FirstBank breached its agreements with her because she had raised the same argument previously. **Supp. App. 428.** In so holding, the District Court explained that a motion for reconsideration is not a vehicle for relitigating matters already resolved by the Court. *Id.*

Upon entry of the order denying Misite's motion for reconsideration, we lifted the stay on this appeal and set a briefing schedule.

9

## II. Jurisdiction and Standard of Review

The District Court had jurisdiction under 28 U.S.C. § 1332(a)(1) and 48 U.S.C. § 1612, and we have jurisdiction under 28 U.S.C. § 1291.

"We review the denial of a motion for leave to amend for abuse of discretion." *Menkes v. Prudential Ins. Co. of Am.*, 762 F.3d 285, 290 (3d Cir. 2014). We review a district court's ruling on a motion for summary judgment de novo. *Tundo v. Cty. of Passaic*, 923 F.3d 283, 286 (3d Cir. 2019). We can affirm a grant of summary judgment only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is "genuine" if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "material" if it "might affect the outcome of the suit under the governing law." *Id.* In addition, we must view the facts and evidence presented on the motion in the light most favorable to the nonmoving party. *Id.* at 255. In attempting to defeat summary judgment, "[s]peculation and conclusory allegations do not satisfy [the nonmoving party's] duty." *Ridgewood Bd. of Educ. v. N.E. ex rel. M.E.*, 172 F.3d 238, 252 (3d Cir. 1999).

## III. Discussion

Misite purports to appeal the order granting FirstBank's motion for summary judgment, the order denying her motion to file counterclaims, and her motion for

10

reconsideration. Because Misite's notice of appeal only mentions the order denying the motion for summary judgment, we must determine the proper scope of her appeal. As we explained in *United States v. McGlory*, when a litigant files a notice of appeal while a motion for reconsideration is pending, "to contest the denial of [that motion], a new or amended notice of appeal must be filed." 202 F.3d 664, 668 (3d Cir. 2000). Here, Misite filed no such amended notice; therefore, we lack jurisdiction to review the order denying her motion for reconsideration.

We do, however, have jurisdiction to review the order denying Misite's motion to file counterclaims. Under the merger rule, prior interlocutory orders "merge with the final judgment in a case, and the interlocutory orders (to the extent that they affect the final judgment) may be reviewed on appeal from the final order." *Pineda v. Ford Motor Co.*, 520 F.3d 237, 243 (3d Cir. 2008) (internal quotation marks and citation omitted). Here, the District Court's denial of Misite's motion to file counterclaims was such an interlocutory order because it neither "terminate[d] the litigation" nor belonged to "[t]hat small category . . . [of] decisions that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action." *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 204 (1999) (internal quotation marks and citations omitted). We therefore review both the District Court's orders denying Misite's motion to file counterclaims and granting FirstBank's motion for summary judgment, respectively.

11

### 1.    Misite's Motion to File Counterclaims

Misite contends that the District Court erred when it denied her motion to file counterclaims pursuant to Federal Rule of Civil Procedure 15(a).  Specifically, she argues that under Rule 15(a)(1)(A) she could amend as of right.  **Appellant Br. at 11.**  In the alternative, she contends that under Rule 15(a)(2) justice required that the District Court grant her leave to amend.  **Appellant Br. at 14.**  Applying the abuse of discretion standard, we will uphold the District Court's ruling.

Misite's argument under Rule 15(a)(1)(A) is easily dispatched.  Rule 15(a)(1)(A) provides that "[a] party may amend its pleading once as a matter of course within [] 21 days after serving it."  Fed. R. Civ. P. 15(a)(1)(A).  After the District Court repeatedly exercised its discretion to grant Misite extensions to file her response to the complaint, she finally filed an answer on August 23, 2017, months after its initial due date.  Based on that date, she was required to file any amendment as of right by September 13, 2017.  She did not, however, request to make such a filing until October 24, 2017.  Misite contends that the October 2, 2017 Continuance Order extended the time she was allowed to amend her pleading until October 29, 2017.  But the Continuance Order only applied to "matters scheduled" before any judge, and thus did not extend all deadlines for filing of pleadings.  Supp. App. 295.  Moreover, the Continuance Order expressly indicated that "CM/ECF is available for the filing of documents." *Id.*  Accordingly, to preserve her right to amend under Rule 15(a)(1), Misite needed to seek an extension under Rule 6(b)

12

and show good cause for her delay in filing. *See Drippe v. Tobelinski*, 604 F.3d 778, 784–85 (3d Cir. 2010). Because Misite made no such motion, the District Court did not err, let alone abuse its discretion, in denying her motion to file counterclaims under Rule 15(a)(1).

Misite's argument under Rule 15(a)(2) also fails. She attacks the District Court's ruling along two lines. First, she argues that the District Court's Rule 16 Scheduling Order is invalid because it was issued before an attorney entered a proper appearance for her in this case. But Rule 16(b)(2) allows for an entry of a scheduling order even before an attorney has entered an appearance, as its text clearly provides that "[t]he judge must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Fed. R. Civ. P. 16(b)(2). Accordingly, the Trial Management Plan entered in this case was valid and binding upon all parties. Because Misite filed her motion out-of-time, the deadline "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also Holmes v. Grubman*, 568 F.3d 329, 334–35 (2d Cir. 2009).

Second, she argues that because of Hurricane Irma and the Continuance Order, she should be granted leave to amend. Neither reason amounts to good cause, which requires that Misite show that she exercised due diligence. *See Race Tires Am., Inc. v. Hoosier Racing Tire Corp.*, 614 F.3d 57, 84 (3d Cir. 2010). The Court is sympathetic that

13

Hurricane Irma wreaked havoc in St. Thomas. But Hurricane Irma struck St. Thomas on September 6, 2017, and therefore could not serve as a basis for extending any filing deadlines before that date. That is especially so given that the deadline to file responsive pleadings (August 22, 2017) expired more than two weeks before Hurricane Irma made landfall. *See Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000) ("Disregard of the [scheduling] order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation[,] and its standards may not be short-circuited by an appeal to those of Rule 15.") (quoting *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). Moreover, Misite cannot use Hurricane Irma as an excuse for her failure to seek leave to amend in a timely manner because her attorneys filed a complaint in another matter on September 14, 2017, one day after her deadline to amend as of right. Supp. App. 301. Given her attorneys' delay in seeking leave to amend, Misite cannot show that she exercised due diligence. Accordingly, we find that the District Court did not abuse its discretion in denying Misite's motion to amend her answer to assert counterclaims.

2.      **FirstBank's Motion for Summary Judgment**

Under Virgin Islands law, FirstBank must establish the following to show that it is entitled to a judgment of foreclosure: (1) Misite executed a promissory note and mortgage, (2) Misite is in default under the terms of the note and mortgage, and (3)

14

FirstBank is authorized to foreclose on the property mortgaged as security for the note. 55 Am. Jur. 2d Mortgages § 604 (2008) ("[T]o establish a prima facie case in a foreclosure action, the plaintiff must prove by a preponderance of the evidence that it is the owner of the note and mortgage and that the defendant defaulted on the note."); *see also Thompson v. Fla. Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. June 18, 2009) (setting out standard for establishing prima facie case on a foreclosure claim under Virgin Islands law). Misite contends that FirstBank's failure to respond to her Rule 56.1 Counterstatement created genuine disputes of material fact that made the grant of summary judgment improper. **Appellant Br. at 15–17.** Specifically, she argues that the admissions included in her affidavit established that FirstBank fraudulently induced her to enter into further transactions with FirstBank, **Appellant Br. at 24**, and that FirstBank admitted that it breached the Note first, **Appellant Br. at 24, 26–27.** She then argues that genuine disputes of material fact exist over whether FirstBank properly notified her that it would be accelerating payment of her debt. **Appellant Br. at 20–21, 23–24**. These arguments are all without merit.

We begin by reviewing Misite's two affirmative defenses. The first is that FirstBank fraudulently induced her into entering the Construction Loan Mortgage. She argues that FirstBank's failure to object to her Rule 56.1 Counterstatement creates a dispute of material fact as to the elements of her fraudulent inducement affirmative defense. That argument misses the mark.

15

Under Virgin Islands law, to establish the affirmative defense of fraudulent inducement, the defendant must establish "(1) a misrepresentation of fact, opinion, intention or law; (2) knowledge by the maker of the representation that it was false; (3) ignorance of the falsity by the person to whom it was made; (4) an intention that the representations should be acted upon; and (5) detrimental and justifiable reliance." *Shillingford v. Hess Oil of the V.I.*, 2009 U.S. Dist. LEXIS 53371, at *28–29, 2009 WL 1765677 (D.V.I.2009) (citing *Fin. Trust Co., Inc. v. Citibank, N.A.*, 351 F. Supp. 2d 329, 332 (D.V.I. 2004). As the District Court aptly notes, "Misite has not provided any information regarding the terms of a conventional fixed rate facility other than that the interest percentage would be low, there would be no closing costs, and that there would be no points." *Misite*, 2018 WL 4006963, at *6. Misite therefore has failed to adduce any record evidence to establish that her reliance on FirstBank's representations was justifiable. Thus, even assuming that FirstBank made misrepresentations that led Misite to enter into the Refinancing Agreement, Misite has failed, at the very least, to satisfy the fifth element of the fraudulent inducement affirmative defense.[2]

---

[2] The District Court's discussion of Misite's affirmative defenses was less than clear. The District Court analyzed Misite's first affirmative defense and determined that it sounded more like economic duress than fraudulent inducement. It then cited the elements of economic duress: "(1) . . . one side involuntarily accepted the terms of another; (2) . . . circumstances permitted no other alternative; and (3) . . . said circumstances were the result of coercive acts of the opposite party." *Id.* (citing 28 Williston on Contracts § 71:7 (4th ed.)). The District Court, assuming *arguendo* that the first two prongs were met, found that Misite had not adduced evidence establishing the third prong. Because Misite claimed that FirstBank fraudulently induced her to enter into

Misite's second affirmative defense is that FirstBank admitted to having breached the Note. That argument is similarly unavailing. Misite correctly states that FirstBank failed to file a proper response to her Rule 56.1 statement as required by Local Rule of Civil Procedure 56.1(a)(2). But the purported "facts" to which she cites are merely legal conclusions and allegations unsupported by proper citations to evidence in the record. The pertinent portions of Misite's Rule 56.1 Counterstatement cite for support the following paragraphs of an affidavit that she prepared:

> 17. FirstBank agreed that following the home being verified as complete, I could use all excess funds to pay off principal amounts owing on the debt, my high interest consumer credit card debt incurred to build the second unit or that said funds could be used

---

the Refinancing Agreement, the District Court found that the coercive act under the third prong required her to establish the elements of the fraudulent inducement, the last of which is "detrimental and justifiable reliance." *Id.* at 6 (internal citations and quotation marks omitted). The District Court then explained that Misite had not presented evidence that her financial decisions were reasonable. The District Court therefore conflated "justifiable reliance" and "reasonable reliance." We have explained, however, that "these terms carry different meanings: justifiable reliance generally connotes a subjective standard, while 'reasonable reliance' usually suggests an objective standard and, possibly, some measure of a duty to investigate on the part of the claimant." *Voilas v. Gen. Motors Corp.*, 170 F.3d 367, 377 (3d Cir. 1999) (citing *Field v. Mans,* 516 U.S. 59, 70–75 (1995)).

Assuming for the sake of this appeal that Misite has properly argued the defense of economic duress, we agree that she has not pointed to facts in the record that create a genuine dispute of material fact as to that defense either. That is so because under Virgin Islands law the defense of economic duress requires Misite to "show both an improper threat and no reasonable alternative to making the contract." *Ward v. Reid*, 46 V.I. 70, 77 (V.I. Super. Ct. 2004) (citing Restatement (Second) of Contracts § 175 (Am. Law Inst. 1981)). Here, none of the evidence in the record rises to the level of showing either that FirstBank made an improper threat or that Misite had no reasonable alternative to entering into the Refinancing Agreement or any of the subsequent amendments to that agreement.

17

towards [sic]

18. The excess funds did not become available because FirstBank negligently failed to assist Misite in completing construction on the property as promised and as such FirstBank negligently failed to verify the home as complete.

19. FirstBank's negligent assumption of total control over the Project, both with regard to construction and financing, made it impossible to complete construction on the property in a timely manner which further delayed my ability to obtain rental income form [sic] the second unit causing further damage to my financial situation.

20. Because of FirstBank's negligent failure to assist Misite in completing construction on the property the home has never been verified complete and I have been unable to use excess funds to make the payments towards those debts identified in paragraph No. 18 above.

Supp. App. 223–24. As we have explained, such conclusory statements "are insufficient to withstand a motion for summary judgment." *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009) (citation omitted).

Misite correctly observes that the Local Rules for the District Court of the Virgin Islands provides that the failure to respond to a respondent's statement of additional facts "may result in a finding that the asserted facts are not disputed for the purposes of summary judgment." LRCi 56.1(d). Here, however, no such sanction is warranted as to the pertinent paragraphs of Misite's Rule 56.1 Counterstatement because they contain legal conclusions and lack proper citations to evidence in the record. We therefore have no basis to find any genuine dispute of material fact as to whether FirstBank breached any of the agreements between the parties.

Misite's contention that FirstBank did not provide her with proper notice of

18

acceleration also fails. On September 27, 2016, FirstBank sent Misite a default notice informing her that if she failed to cure her default, FirstBank could accelerate payment of the debt and institute a foreclosure action "without further demand." Supp. App. 162. That default notice also informed her of her "right to have any judicial proceedings begun by the Bank to enforce the Mortgage discontinued at any time prior to entry of judgment if: a) You pay the Bank all sums that would then be due under the Mortgage and the Note had no acceleration occurred[.]" *Id.* By commencing this action in the District Court of the Virgin Islands, FirstBank gave Misite proper notice of its intention to accelerate the debt. That is all that is required in a judicial foreclosure jurisdiction such as the Virgin Islands. *See, e.g.*, *United States v. Alessi*, 599 F.2d 513, 515 n.4 (2d Cir. 1979) ("[A]cceleration must consist of either notice of election to the [m]ortgagor or of some unequivocal overt act (such as initiating a foreclosure suit) manifesting an election in such a way as to entitle the mortgagor, if he desires, to discharge the principal of the mortgage."); *Cent. Mortg. Co. v. Crosier*, Civ. No. 14-0097, 2016 WL 2757699, at *5 (D.V.I. May 12, 2016) (finding sufficient notice where lender sent borrower a letter "inform[ing] her that her loan was in default; that the total amount needed to cure was $3,875.54; and that failure to cure may result in acceleration of the loan and foreclosure sale of the Property"). We therefore find no genuine dispute of material fact as to whether FirstBank provided proper notice of its decision to accelerate the debt.

19

Finally, Misite's remaining arguments are also without merit. She argues that genuine disputes of material fact exist over whether (1) the Note is valid, **Appellant Br. at 20–23**, and (2) she is in fact in default under the Note and Construction Mortgage Loan Agreement, *Id.* **at 17–20.** These arguments, however, were available to Misite below, but she failed to raise them. "We generally do not consider arguments raised for the first time on appeal." *Gardner v. Grandolsky*, 585 F.3d 786, 793 (3d Cir. 2009). Accordingly, these arguments are not cognizable on this appeal.

## IV. Conclusion

For the foregoing reasons, we will affirm the District Court's orders denying Misite's motion to file counterclaims and granting FirstBank's summary judgment motion.